10 N.J. Super. 595 (1950)
77 A.2d 517
IN THE MATTER OF THE APPLICATION OF RUFUS BENTON FOR A WRIT OF HABEAS CORPUS.
Superior Court of New Jersey, Mercer County Court Law Division, Criminal.
Decided December 14, 1950.
*596 Mr. Eugene T. Urbaniak, Deputy Attorney General, attorney for the State.
Mr. Rufus Benton, pro se.
HUGHES, J.C.C.
In this case the petitioner for the writ of habeas corpus was received at the New Jersey State Prison on July 28, 1944, to commence service of two consecutive sentences imposed upon him in Essex County, each such sentence being for a minimum of two and a maximum of three years, and such sentences being ordered to run consecutively. The first sentence imposed upon him in Essex County was imposed on July 26, 1944, for a minimum of two and a maximum *597 of three years. And on October 25, 1944, he was sentenced in Essex County to serve not less than two nor more than three years, the court providing, "This sentence to run consecutive to term defendant is now serving." The first sentence above bears Docket No. 395 of the April Term, 1944, and the second sentence bears Docket No. 48933 of the September Term, 1944.
Upon his receipt in the New Jersey State Prison, the defendant commenced service of the sentence under No. 395. The State Prison administrative office, however, under a practice which it had pursued for some years, combined or "lumped" these sentences to yield a total minimum of four and a total maximum of six years.
Thereafter and on May 10, 1946, the petitioner was sentenced before the appropriate court in Cumberland County, for the crime of escape, to serve two and a half to three years. That sentence, according to the commitment over the signature of the Clerk of the Court of Quarter Sessions of Cumberland County, "to begin at the expiration of the present term now being served."
On the basis of a letter from the Attorney General of New Jersey calling these facts to the court's attention, by reason of a recent decision of the Mercer County Court and a consequent change in the practice of combining or "lumping" such sentences, this court considered the letter from the Attorney General as a petition for the issuance of a writ of habeas corpus on behalf of this prisoner. A writ was therefore issued pursuant to the authority of R.S. 2:82-1 et seq., returnable December 14, 1950.
On the return of the writ, by testimony taken and stipulations formally entered into by the applicant, it appears that the decision of the Mercer County Court in the case entitled In re Fitzpatrick, 9 N.J. Super. 511, 75 A.2d 636 (Mercer County Court, Law Division, 1950), resulted in a revision of the administrative records in the State Prison to separate the two consecutive Essex County sentences, with the consequent determination that the maximum term of the first Essex *598 County sentence, namely, the sentence on indictment No. 395, supra, expired on August 15, 1946, and thereupon the prisoner entered upon service of the second Essex County sentence, namely, that on indictment No. 48933, the maximum term of which expired on January 28, 1949. The dates of expiration of these two maximum terms take into account, and there has been allowed to the petitioner in achieving such expiration dates, all "jail" time allowed him by the sentencing court and all good behavior and work time to which he is entitled under the provisions of R.S. 30:4-140.
The question for decision before the court in this proceeding deals with the significance of the restrictive provision contained in the sentence imposed upon the prisoner by the Cumberland County Court. If that language, namely, "Said sentence to begin at the expiration of the present term now being served," had reference to the combined or "lumped" sentences which had been imposed in Essex County as aforesaid, this prisoner is still serving the Cumberland County sentence, having commenced service thereof on January 28, 1949, and such maximum term not having been completed. On the other hand, if such language refers to the term imposed in Essex County under indictment, Docket No. 395 (the maximum of which expired, as stated, on August 15, 1946), then upon the expiration of such first Essex County sentence, the prisoner began to serve, concurrently, the second consecutive sentence imposed in Essex County and also the sentence imposed in Cumberland County.
Within the reasoning set forth in the case of In re Fitzpatrick, supra, I find and determine that the significance of the restrictive condition in the sentence imposed by the Court of Quarter Sessions in Cumberland County can have reference only to the precise term being served at the time of its imposition and, accordingly, has reference to the term imposed upon the prisoner under indictment No. 395 in Essex County.
Generally, service of a term of imprisonment imposed by a court commences immediately upon its imposition *599 or, in some special cases, upon the surrender of the defendant on bail pending appeal, or during some other proceeding which intervenes between the imposition of sentence and the actual service thereof. It was within the power and authority of a criminal court at common law to specify consecutive or cumulative service of sentences imposed for distinct offenses. No presumption is to be indulged beyond the plain specification of such cumulation, however, and, accordingly, no presumption may be accommodated in the instant case that the sentencing court in Cumberland County had in mind, by its reference to the "present term now being served" the combined or "lumped" terms on which the prisoner was then held according to the administrative records of the New Jersey State Prison.
The Fitzpatrick case determined that such combining or "lumping" of consecutive sentences was without justification of law and that regardless of the method of administrative bookkeeping adopted by the prison office, such consecutive terms were served separately and in order, and, unless parole intervened, the second of any such consecutive term did not commence until the expiration of the maximum term of the prior sentence.
Under this reasoning, and since the general rule is that where terms are not specifically designated to be consecutive in nature they must be considered to be imposed to run concurrently, the significance of the language used by the Quarter Sessions judge in Cumberland County must be considered to be in reference to the first Essex County term, on which service of the maximum had not then been completed. Accordingly, the Cumberland County sentence ran concurrently with the second sentence from Essex County and both expired on the same date and such sentences have both been served.
The prisoner is unlawfully detained in the New Jersey State Prison and is hereby discharged from custody.