## GRIMM *v.* STATE

[No. 100, October Term, 1956.]

*Decided February 12, 1957.*

The cause was argued before BRUNE, C. J., and COLLINS, HENDERSON and PRESCOTT, JJ.

*Martin V. B. Bostetter* and *John S. Hollyday,* for appellant.

*Ernest N. Cory, Jr., Special Attorney,* with whom were *C. Ferdinand Sybert, Attorney General,* and *Omer T. Kaylot, Jr., State's Attorney for Washington County,* on the brief, for appellee.

HENDERSON, J., delivered the opinion of the Court.

The appellant was indicted in Washington County on May 16, 1956, for failure to pay an award by the State Industrial Accident Commission of compensation to the son of a deceased employee, who had been killed in the course of his employment. A motion to dismiss the indictment was overruled, there was a general plea of not guilty and a plea of limitations, and a trial before the court without a jury. After finding the accused guilty, the court sentenced him to pay a fine of $4,016 and costs, "provided that said fine shall be remitted upon payment to the State Industrial Accident Commission of the

balance due, namely $4,016.00" on the award of $7,500, "and stand committed to Washington County Jail until fine and costs are paid".

The facts are undisputed. An award was passed by the Commission on August 14, 1951, ordering the appellant to pay to "William Watson, duly qualified guardian of Roy D. Watson, infant, for the use and benefit of said infant, compensation at the rate of $16.67 per week, payable weekly, beginning on July 30, 1949, for the period of 449.9 weeks, more or less; not to exceed, however, the sum of $7,500.00; and, in addition thereto, the sum of $300.00 for funeral expenses of the deceased." On appeal to this Court the award was affirmed. *Watson v. Grimm,* 200 Md. 461. The appellant made payments totaling $3,584 on account of the award, the last payment being on September 18, 1953. As of May 11, 1956, the date of failure to pay set forth in the indictment, it was testified that there was a balance of $2,600.51 due and in arrears.

The appellant contends: (1) that the indictment did not sufficiently inform the appellant of the date, nature, amount or other particulars of the award so that he might prepare his defense; (2) that the Statute does not make it a crime to fail to pay compensation to the son of a deceased employee; (3) that the Statute violates Art. 3, sec. 38 of the Maryland Constitution in that it authorizes an imprisonment for debt, and is, therefore, unconstitutional; and (4) that the prosecution is barred by limitations. Since we agree with the second contention of the appellant, we find it unnecessary to discuss the other three.

Code (1951), Art. 101, sec. 15 (3) (b) provides, in part: "Any employer, * * * who fails to pay compensation to an injured employee in accordance with the award of the Commission, shall be guilty of a misdemeanor, and shall be subject to a fine of not less than Five Hundred nor more than Five Thousand Dollars. Any fine levied against any employer failing or refusing to secure insurance as required by this Article shall be paid into the State Treasury and credited to the State Industrial Accident Commission, * * *. The Court may, in its discretion, remit any such penalty, provided the employer in default assures the compensation as provided in this

section; and provided, further, that he has paid or secured to be paid any compensation or other benefits under this Article which may have been awarded against him."

We had occasion in *State v. Fisher,* 204 Md. 307, 313, to construe the word "remit" in connection with a suspended sentence after conviction for failure to secure insurance or otherwise assure compensation, not for failure to pay. Whether the words of the Statute, "remit any such penalty", cover a fine levied for failure to pay, as well as for failure to insure, is not quite clear, but we need not now consider the point. The point urged is that the criminal penalty is imposed for failure to pay "compensation to an injured employee", and the indictment alleges that the accused "did fail to pay compensation to Roy Watson, son of George M. Watson, an employee of the said William Grimm * * *."

It is well settled that where statutory language is plain and free from ambiguity the courts are not at liberty to extend its application by construction. It is also clear that a criminal statute must be strictly construed in favor of the defendant. Both rules found application in the recent case of *Fowel v. State,* 206 Md. 101, and we find it unnecessary to multiply authorities on the point. In that case we held that the Statute imposing a criminal penalty upon a licensee did not impose a like penalty upon a lessee from the licensee.

The State argues that an employer is obligated to pay compensation, under Code (1951), Art. 101, sec. 14, "for the disability or death of his employee", and that under the preamble to the original Act (Ch. 800, Acts of 1914), it was declared to be the legislative intent to provide relief for "workmen injured in extra-hazardous employments and their families and dependents". It is pointed out that under sec. 35, the Statute refers to "Each employee (or in the case of death his family or dependents) * * *." Of course it is true that there may be an award to dependents under circumstances specified in the Article, and such an award may be enforced in a civil action. *Dyson v. Pen Mar Co., Inc.,* 195 Md. 107, 112. But it does not follow that a criminal penalty can be implied if the legislature has failed to impose one. We find nothing in the Stat-

ute that would support a contention that the plain words "injured employee" are enlarged by definition. Sec. 68 (3) defines "Employee" in elaborate terms, but does not include dependents in the definition. This is in sharp contrast with sec. 68 (2), which defines "Employer" to include "the legal representatives of a deceased employer". Since the criminal penalty is imposed only for failure to pay an award to an injured employee, the motion to dismiss should have been granted.

*Judgment reversed, costs to be paid by the County Commissioners for Washington County.*