564 A.2d 395

**Bishop L. ROBINSON and Fred D. Jordan, Jr.**

v.

**Terry Avon LEE.**

**No. 14, Sept. Term, 1989.**

Court of Appeals of Maryland.

Oct. 6, 1989.

Alan D. Eason, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for petitioners.

Norman Handwerger (Legal Aid Bureau, Inc., both on brief), Baltimore, for respondent.

Argued Before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS, and BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals (retired) Specially Assigned.

COLE, Judge.

In this case we are asked to decide whether a sentence, which the trial judge orders to be served "consecutive with sentence now serving," is to be served consecutively to the aggregate of all preexisting unserved sentences or served consecutively only to the sentence then being served.

We set forth the pertinent criminal history of the defendant in order to place the issue in proper focus. On January 26, 1968, Terry Avon Lee, having been convicted of robbery, was sentenced to prison for five years from that

date by Judge Cardin of the Criminal Court of Baltimore.[1] Lee escaped from custody on August 1, 1969 and was not returned to custody until March 29, 1971.

Apparently while an escapee, Lee committed other crimes. He was convicted of robbery with a deadly weapon before Judge Jones of the Criminal Court of Baltimore who imposed a sentence of six years dated March 29, 1971 which sentence was "consecutive with any sentence now serving." On August 24, 1971, Judge Evans of the Circuit Court for Anne Arundel County sentenced Lee to one year's imprisonment "consecutive to any sentences now being served" for the escape.

Lee escaped from custody again on June 5, 1973 and was not returned to custody until May 8, 1974. During this "leave of absence," Lee again apparently resorted to robbery, this time with a deadly weapon, for which he was convicted before Judge Perrott of the Criminal Court of Baltimore who sentenced Lee to fifteen years imprisonment dated May 8, 1974 "consecutive with sentence now serving." It is this sentence which is at the core of Lee's complaint.

For the second escape, Judge Biener of the Circuit Court for Anne Arundel County sentenced Lee on February 24, 1975 to one year's imprisonment "consecutive to any sentence now being served." Finally, on January 2, 1979, Judge Boublitz of the District Court of Maryland sitting in Washington County imposed a sentence on Lee of six months "commencing at the expiration of the present term" for possession of marijuana.

The prison authorities considered all the sentences as consecutive to each other and none being concurrent. Therefore, Lee's maximum sentence would expire on February 26, 2006.

---

1. The Criminal Court of Baltimore as well as all the trial courts of general jurisdiction in Baltimore City were merged into and became one court known as The Circuit Court for Baltimore City. Chapter 523, Acts 1980.

On the other hand, Lee maintained that the fifteen year sentence for robbery with a deadly weapon was consecutive only to the five year sentence and concurrent with the other sentences. Hence, Lee calculated his maximum sentence expiration date to be November 11, 1989.

In order to resolve this difference in interpretation, the Petitioners, the Secretary of Public Safety and Correctional Services and the Commissioner of Corrections of the State of Maryland (State), filed an action for Declaratory Judgment in the Circuit Court for Washington County requesting the circuit court to determine the duration of Lee's custody. A trial on the merits was held before Judge Daniel Moylan who signed an Order[2] determining that

---

**2.** Judge Moylan:

ORDERED that, pursuant to Section 3–401 et seq. of the Courts and Judicial Proceedings Article of the Annotate Code of Maryland, declaratory judgment is entered, and the rights and obligations of the parties are declared as follows:

1. The following sentences of the Defendant run consecutive to the individual sentence which Defendant was serving at the time each was imposed, instead of consecutive to to the aggregate of sentences existing at the time each was imposed.

a. Six years for robbery with a deadly weapon "consecutive with any sentence now serving" imposed in Case No. 6138 by the Criminal Court of Baltimore City (Judge Jones) on March 29, 1971.

b. Fifteen years for robbery with a deadly weapon "consecutive w/sentence now serving" imposed in Case No. 67301663 by the Criminal Court of Baltimore City (Judge Perrott) on May 8, 1974.

2. The following sentences run consecutive to the aggregate of the sentences existing at the time each was imposed.

a. One year for escape "consecutive to any sentences now being served" imposed in Case No. 12994 by the Circuit Court for Anne Arundel County (Judge Evans) on August 24, 1971.

b. Seven years for armed robbery "to run consecutively with sentence or sentences now serving" imposed in Case No. 11882 by the Circuit Court for Anne Arundel County (Judge Evans) on November 3, 1971.

c. One year for escape "consecutive to any sentences now being served" imposed in case No. 16460 by the Circuit Court for Anne Arundel County (Judge Biener) on February 24, 1975.

d. Six months for possession of marijuana "commencing at the expiration of present term" imposed in Case No. CR–494766 by the District Court of Maryland for Washington County (Judge Boublitz) on January 2, 1979.

Lee's six year sentence and fifteen year sentence were running consecutive to the five year sentence Lee was then serving. However, the two escape sentences of one year each, the seven year sentence, and the six months sentence were running consecutive to the aggregate of sentences existing at the time each was imposed.

The State filed an appeal but on March 31, 1989, the circuit court, after a habeas corpus hearing, determined that Lee's mandatory release date was September 18, 1986. Accordingly, the Court issued an order releasing Lee as of March 31, 1989. Lee was finally released on April 5, 1989, upon the denial of the State's Motion to Stay Execution of Judgment of the Habeas Corpus Order by the Court of Special Appeals and this Court. We did, however, grant certiorari to review the declaratory judgment proceeding.

Lee maintains that we cannot conduct such review because the issue of his release is now moot in light of his habeas corpus release and because the State may not use review of the declaratory judgment proceeding as a disguise to review the habeas corpus order.

■■ We have on prior occasions addressed the issue of mootness. In *Attorney General of the State of Maryland v. A.A. County School Bus Contractors Assoc., Inc.*, 286 Md. 324, 407 A.2d 749 (1979), we acknowledged the principle that appellate courts do not decide moot questions. We held "[a] question is moot if, at the time it is before the court, there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." *Id.* at 327, 407 A.2d at 752. *See also State v. Ficker*, 266 Md. 500, 506–07, 295 A.2d 231, 234–35 (1972); *Lloyd v. Board of Supervisors of Elections*, 206 Md. 36, 39, 111 A.2d 379, 380 (1954). Based on the above stated rule, the instant case is moot. Respondent has been released from custody under a habeas corpus order and that order cannot be altered by this court's ruling on the declaratory judgment. *See* Md.Cts. & Jud.Code Ann. § 3–705(a) (1984); *Hamilton v. McAuliffe*, 277 Md. 336, 353

A.2d 634 (1976). In *Hamilton,* we said that "... the declaratory judgment process is not available to decide ... questions which have become moot...." (Citations omitted). *Id.* at 340, 353 A.2d at 637.

This Court, however, is willing to decide moot questions where "[i]t appears ... that there are important issues of public interest raised which merit an expression of our views for the guidance of courts and litigants in the future." *In re Special Investigation No. 281,* 299 Md. 181, 190, 473 A.2d 1 (1984); *see also State v. Peterson,* 315 Md. 73, 82–85, 553 A.2d 672 (1989); *A.A. Co. School Bus,* 286 Md. at 327, 407 A.2d at 752; *Ficker,* 266 Md. 500, 295 A.2d 231 (1972); *Lloyd,* 206 Md. 36, 111 A.2d 379 (1954).

Here the need for clarity in the imposition of multiple sentences is a matter of great public concern and is something which can frequently recur given the nature and state of the criminal justice system. For these reasons we are convinced that this question requires our attention. *Ficker,* 266 Md. at 507, 295 A.2d at 235 ("an appeal, even though moot, will not be dismissed where the urgency of establishing a rule of future conduct in matters of important public concern is both imperative and manifest."); *Lloyd,* 206 Md. at 43, 111 A.2d at 381–382.

The real question here is whether the fifteen year sentence should run consecutively to the initial five year sentence or consecutively to the aggregate of sentences unserved at the time the fifteen year sentence was imposed. The answer to this question depends upon our interpretation of "now serving." The parties dwell on the meaning of the word "term" as opposed to "sentence" or "sentences". They direct our attention to a number of cases which we find not helpful in resolving this problem.[3] As we see it, we

---

**3.** *Calp v. Warden of Maryland Penitentiary,* 216 Md. 629, 139 A.2d 506 (1957) and *Johnson v. Warden of Maryland Penitentiary,* 196 Md. 672, 75 A.2d 843 (1950) both held that sentences which were to begin at the end of the "term" defendants were serving commenced at the expiration of all outstanding sentences. *Johnson,* upon which Calp relies,

are limited to the words the judges used when imposing the various sentences.

The sentence Judge Perrott imposed was expressly consecutive; the only qualification was "with sentence now serving." "Now" is defined as "at the present time: at this moment." Webster's Third New International Dictionary 1546 (1981). Nor do we detect any difference in the meaning of the phrases "now being served" and "now serving." Other jurisdictions share our view.

In *Ex parte Benton,* 10 N.J. Super. 595, 77 A.2d 517 (1950) the appellate court of New Jersey concluded that "now being served" is a restrictive condition and can refer only to the precise sentence being served at the time the new sentence is imposed.

In *In re Swink,* 243 N.C. 86, 89 S.E.2d 792 (1955) an escape sentence which was to commence at termination of sentences "now being served" was held to be concurrent to the pending sentence because the commitment did not adequately describe the sentence "being served."

▆ It seems indelibly clear to us that at the moment Judge Perrott pronounced the sentence, Lee was *serving* only one sentence: the initial five year sentence imposed by Judge Cardin effective January 26, 1968, the expiration date of which was extended due to Lee's escapes.[4] Judge Per-

---

however, specifically distinguished "term" from "sentence," noting that the trial judge

did not make the sentence for escape begin at the expiration of a *sentence,* but at the expiration "of his present *term* of confinement." We are unable to construe this as meaning at the expiration of the four year sentence [which the defendant was then serving prior to a consecutive six year sentence]. It undoubtedly meant at the expiration of the entire period for which the appellant had been committed.

*Johnson,* 196 Md. at 674–75, 75 A.2d at 844 (emphasis added). We find these cases inapposite for the resolution of the issue here.

4. Lee's five year sentence was to expire on January 25, 1973. He escaped on two occasions during this period, however, and was out of custody for 942 days. This extended the expiration date of this sentence until on or about August 24, 1975.

rott, in all probability recognized Lee as an inveterate robber and therefore imposed a lengthy sentence intending it to be consecutive to any sentence that Lee had that was outstanding, pending and unserved. But by the language used he did not say so. Therefore, instead of the fifteen year sentence being consecutive to the six year sentence, it was concurrent with all the outstanding sentences yet to be served. Furthermore, because the language used by each of the judges is similar if not substantially the same, the same rationale is applicable. We explain.

Lee was sentenced to five years on January 26, 1968. His maximum sentence would have ended on January 25, 1973. Before that sentence expired, however, he was sentenced on March 29, 1971, to six years "consecutive with any sentence now serving." This sentence was in fact consecutive. He then received one year for the escape "consecutive to any sentences now being served." The escape statute then in effect did not prohibit sentences for escape from being served concurrently with other sentences.[5] Art. 27, § 139 (1971 Repl.Vol.). Hence, the language "now serving" still related to the initial five year sentence and resulted in the escape sentence beginning and running concurrently with the six year term. His total sentence at this point was eleven years.

He was then sentenced to seven years on November 3, 1971, "to run consecutively with sentence or sentences now serving." Consistent with our prior analysis, the sentence Lee was "now serving" was the five year initial sentence. Here, the seven years started at the completion of the five year sentence, as did the six year sentence imposed on March 29, 1971 and the one year imposed for the escape.

---

5. Section 139, as amended, provides in pertinent part as follows: The sentence imposed under this subsection shall be consecutive to any sentence which was being served at the time of the escape, or any sentence which had been imposed but was not yet being served at the time of sentencing on the escape. A sentence imposed under this subsection may not be suspended.
Art. 27, § 139(a)(1) (Supp.1988)

The seven year sentence was therefore concurrent with the six and one year sentences, and added only one year of additional time to Lee's term of confinement which now stood at twelve years.

When Lee received the fifteen years "consecutive with sentence now serving" he was still serving only the initial five year sentence. The fifteen year sentence, therefore, was concurrent for its first seven years with the seven years Lee received from the previous three sentences. The final eight years of the fifteen year sentence were served alone and extended Lee's total term of incarceration to twenty years (five years plus seven years plus eight years).

The next sentence, also for an escape, was one year consecutive to sentence "now being served," which by our interpretation was consecutive to the five year sentence and thereby concurrent to all outstanding sentences. No time was added to the term; therefore, Lee still had twenty years to serve. The six month sentence for marijuana was clearly consecutive to the aggregate of all sentences then imposed because of the language "commencing at [the] expiration of [his] present term." *See Johnson v. Warden,* 196 Md. 672, 75 A.2d 843 (1950); *Calp v. Warden,* 216 Md. 628, 139 A.2d 508 (1957). Hence, Lee now had a period of confinement of twenty years and six months. The 942 days spent out of custody are included in the original five year sentence. Therefore as we calculate it, the expiration date of his entire period of confinement is on or about February 24, 1991.

We do not attempt to calculate any credit Lee is entitled to receive against this period of imprisonment. This is an administrative matter and is left to the determination of the correctional authorities. The trial judge's obligation is to articulate the period of confinement with clarity so as to facilitate the prison authority's task. Here this was not done.

Fundamental fairness dictates that the defendant understand clearly what debt he must pay to society for his

transgressions. If there is doubt as to the penalty, then the law directs that his punishment must be construed to favor a milder penalty over a harsher one. *Wright v. State*, 24 Md.App. 309, 330 A.2d 482 (1975); *see also Gatewood v. State*, 244 Md. 609, 224 A.2d 677 (1966); *Grimm v. State*, 212 Md. 243, 129 A.2d 128 (1957).

We hasten to add that the trial judges of this state can avoid this dilemma. All they need do is spell out with reasonable specificity the punishment to be imposed commensurate with the defendant's background, conduct, and personality traits. In our view, this is the beginning of the correctional process. If the punishment is clear, the defendant can begin to conform.

Here, however, because Terry Avon Lee has been released pursuant to the habeas corpus order, this case is moot and must be dismissed.

JUDGMENT OF THE CIRCUIT COURT FOR WASH-INGTON COUNTY VACATED. CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE PROCEEDING AS MOOT. STATE OF MARYLAND TO PAY COSTS.