647 A.2d 1204

Duane Thomas JONES

v.

STATE of Maryland.

No. 2 Sept. Term, 1994.

Court of Appeals of Maryland.

Sept. 26, 1994.

Margaret A. Mead (Roland Walker, Walker & Van Bavel, P.A., all on brief), Baltimore, for petitioner.

Kreg Paul Greer (J. Joseph Curran, Jr., Atty. Gen., both on brief), Baltimore, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

RAKER, Judge.

In this appeal, we are again called upon to construe the mandatory sentencing provisions of Maryland Code (1957, 1992 Repl. Vol.) Article 27, § 643B. Subsection (c) of that statute mandates the imposition of a sentence of not less than 25 years upon a defendant who, after having been convicted of a crime of violence on two prior occasions and having served a term of incarceration as a result thereof, is "convicted a third time of a crime of violence." The issue raised in this appeal concerns the application of § 643B(c) to a defendant who, having otherwise satisfied the statutory prerequisites for imposition of the § 643B(c) penalty, is thereafter convicted, as the result of a single incident, of more than one crime of violence which could serve as the defendant's "third" crime of violence conviction. The precise question we face is whether a sentencing judge may select any one of the defendant's crime of violence convictions to serve as the third conviction for the purposes of § 643B(c). We hold that a sentencing judge has the discretion to impose the § 643B(c) penalty upon any one of the qualifying convictions, and, accordingly, we affirm the judgment of the Court of Special Appeals.

I.

Petitioner Duane Thomas Jones was found guilty of the crimes of second degree rape, second degree sexual offense, and robbery after a trial by jury in the Circuit Court for Baltimore County (Smith, J., presiding). All three convictions arose out of a single incident which occurred on March 15, 1991.

Prior to sentencing on the 1991 offense, the State served Jones with notice of intention to seek a § 643B(c) mandatory minimum penalty. Section 643B(c) provides:

> (c) Any person who (1) has been convicted on two separate occasions of a crime of violence where the convictions do not arise from a single incident, and (2) has served at least one term of confinement in a correctional institution as a result of a conviction of a crime of violence, shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years. Neither the sentence nor any part of it may be suspended, and the person shall not be eligible for parole except in accordance with the provisions of Article 31B, § 11.

Jones had previously been convicted, in two separate criminal cases brought in 1989, of the crimes of robbery and burglary and he had consequently served a term of confinement in a correctional institution. Jones thereby satisfied the statutory prerequisites for imposition of sentence pursuant to § 643B(c).

At sentencing on the 1991 offenses, Jones did not contest the fact that he had previously been convicted of two crimes of violence and that he had served a period of confinement in a correctional institution. Jones also did not contest the fact that the three crimes for which he faced sentencing on this occasion—second degree rape, second degree sexual offense, and robbery—are all identified as crimes of violence in § 643B(a), and that he therefore had been convicted of a third crime of violence. Given these admissions, there was no debate at Jones' sentencing hearing as to whether the statuto-

ry prerequisites for imposition of the § 643B(c) penalty were met.

Jones contended, however, that § 643B(c) is ambiguous in that the statute does not specify upon which crime of violence conviction the mandatory 25–year penalty should be imposed when a defendant is convicted of multiple qualifying crimes of violence as the result of a single incident. Jones maintained that, pursuant to the rule of lenity, the statute must be construed so as to require that the § 643B(c) penalty is imposed on the conviction that bears the greatest statutory penalty, thereby minimizing the maximum sentence to which the defendant is exposed.

Absent the invocation of the § 643B(c) penalty, Jones would have been subject to a maximum total sentence of fifty years for the three crimes he committed: twenty years for the second degree rape, *see* Article 27, § 463, twenty years for the second degree sexual offense, *see* Article 27, § 464A, and ten years for the robbery, *see* Article 27, § 486. Once the statutory prerequisites for imposition of the § 643B(c) penalty were met, and if the mandatory, § 643B(c) sentence was imposed upon either the second degree rape or second degree sexual offense convictions, Jones would have been exposed to a maximum sentence of fifty-five years. In contrast, if the § 643B(c) penalty was imposed upon the robbery conviction, Jones would have been exposed to a maximum sentence of sixty-five years. Seeking to minimize the term to which he could be sentenced, at his sentencing proceeding Jones argued that he was entitled to have the § 643B(c) penalty imposed upon either the second degree rape or the second degree sexual offense conviction.

The trial judge rejected Jones' argument that the § 643B(c) penalty could not be imposed upon the robbery conviction and sentenced Jones to twenty years on the second degree rape conviction, twenty years on the second degree sexual offense conviction, to run concurrent with the rape sentence, and twenty-five years, pursuant to § 643B(c), on the robbery conviction, to run consecutive to the rape sentence.

Jones appealed, arguing that the sentencing judge erred in imposing the § 643B(c) penalty upon his robbery conviction. In an unreported opinion, the Court of Special Appeals upheld Jones' sentence, holding "that when more than one conviction qualifies as the third conviction of a crime of violence, the determination of the crime to which the mandatory sentence will be imposed rests within the discretion of the trial court." The Court of Special Appeals explained:

In the case *sub judice*, Article 27, § 643B(c) required only that the judge impose a minimum of twenty-five years because appellant was for the third time convicted of a crime of violence. The robbery conviction qualified as a third conviction of a crime of violence. The judge, in selecting to impose the § 643B(c) mandatory twenty-five year sentence on the robbery conviction and normal sentences on the rape and sexual offenses convictions, did not exceed the statutory maximum sentences allowable under the law for the crimes committed by appellant during the single episode. We hold that the trial judge did not abuse his discretion in sentencing appellant.

We granted Jones' petition for a writ of certiorari to consider whether, as Jones suggests, a defendant who is convicted of more than one crime of violence arising out of a single incident is entitled as a matter of law to have the § 643B(c) mandatory minimum sentence imposed upon the conviction that would otherwise carry the most severe statutory penalty. We conclude that the defendant is not so entitled and hold that it is within the sound discretion of the sentencing judge to select any one of the predicate convictions to serve as the "third" conviction for the purposes of § 643B(c).

## II.

When called upon to construe the meaning of a particular statute, we have repeatedly stated that the goal of statutory construction is to ascertain and effectuate legislative intent. *See, e.g., Mustafa v. State,* 323 Md. 65, 73, 591 A.2d 481, 485 (1991); *Jones v. State,* 311 Md. 398, 405, 535 A.2d 471,

474 (1988). The starting point in statutory interpretation is with an examination of the language of the statute. If the words of the statute, construed according to their common and everyday meaning, are clear and unambiguous and express a plain meaning, we will give effect to the statute as it is written. *See, e.g., Dickerson v. State,* 324 Md. 163, 170–71, 596 A.2d 648, 651 (1991); *Kaczorowski v. City of Baltimore,* 309 Md. 505, 515, 525 A.2d 628, 633 (1987); *Hawkins v. State,* 302 Md. 143, 147, 486 A.2d 179, 181 (1985).

When the statute at issue is a penal statute, we are often confronted with the argument that the statute must be construed according to the rule of lenity, which "means that the Court will not interpret a . . . criminal statute so as to increase the penalty that it places on an individual when such an interpretation can be based on no more than a guess as to what [the Legislature] intended." *Monoker v. State,* 321 Md. 214, 222, 582 A.2d 525, 529 (1990) (*quoting Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, 205 (1958)); *see also Rewis v. United States,* 401 U.S. 808, 812, 91 S.Ct. 1056, 1059, 28 L.Ed.2d 493, 497 (1971) (court must construe any "ambiguity concerning the ambit of criminal statutes . . . in favor of lenity."). Jones invokes the rule of lenity in this case.

The rule of lenity, however, is a maxim of statutory construction which serves only as an aid for resolving an ambiguity and it may not be used to create an ambiguity where none exists. *Albernaz v. United States,* 450 U.S. 333, 343, 101 S.Ct. 1137, 1144, 67 L.Ed.2d 275, 284 (1981); *Dillsworth v. State,* 308 Md. 354, 365, 519 A.2d 1269, 1274 (1987). As Justice Frankfurter explained in *Callanan v. United States,* 364 U.S. 587, 589, 81 S.Ct. 321, 326, 5 L.Ed.2d 312, 319 (1961), the rule of lenity "comes into operation at the end of the process of construing what [the Legislature] has expressed, not at the beginning as an overriding consideration of being lenient to wrongdoers. That is not the function of the judiciary." *See also Albernaz,* 450 U.S. at 342–43, 101 S.Ct. at 1144–45, 67 L.Ed.2d at 284–85; *Randall Book Corp. v. State,*

316 Md. 315, 327, 558 A.2d 715, 721 (1989). Simply put, the rule of lenity is reserved for cases where, "[a]fter 'seiz[ing] everything from which aid can be derived,' the Court is 'left with an ambiguous statute'" containing a "grievous ambiguity or uncertainty." *Staples v. United States,* —— U.S. ——, —— n. 17, 114 S.Ct. 1793, 1804 n. 17, 128 L.Ed.2d 608, 625 n. 17 (1994) (citations omitted). When the statute is unambiguous, the rule of lenity "simply has no application." *Albernaz,* 450 U.S. at 343, 101 S.Ct. at 1144, 67 L.Ed.2d at 284.

### A.

■ Section § 643B(c) provides that a defendant who has twice before been convicted of crimes of violence and served at least one term of confinement in a correctional institution as a result thereof is subject, upon a conviction a third time of a crime of violence, to the imposition of the mandatory twenty-five year minimum sentence upon that third crime of violence conviction. Once the predicate requirements for imposition of the § 643B(c) penalty have been established, a sentencing judge has no choice but to impose the mandatory minimum penalty upon the third crime of violence conviction. *State v. Taylor,* 329 Md. 671, 675, 621 A.2d 424, 426 (1993); *Loveday v. State,* 296 Md. 226, 236–37, 462 A.2d 58, 63 (1983).

We have previously held that where a defendant, like Jones, is convicted of more than one qualifying crime of violence as the result of a single incident, the sentencing judge may impose only one § 643B(c) sentence. *State v. Taylor,* 329 Md. at 674, 621 A.2d at 425; *Calhoun v. State,* 46 Md.App. 478, 489, 418 A.2d 1241, 1249 (1980), *aff'd,* 290 Md. 1, 425 A.2d 1361 (1981). We have not previously had occasion, however, to consider the question raised in the case *sub judice*—that is, whether the trial judge has any discretion to determine which crime of violence conviction out of several will be treated as the "third" conviction for the purposes of § 643B(c).

Jones contends that the statute is ambiguous because the Legislature did not expressly address the question of whether a sentencing judge may apply the § 643B(c) to any one of

several qualifying convictions. We find no merit in Jones' claim of ambiguity: as there exists no ambiguity in the statute, the rule of lenity has no application in this case. Section 643B(c) plainly provides that a third conviction of a crime of violence mandates the imposition of a minimum twenty-five year penalty. Here, there can be no question that each of the crimes of which Jones was convicted—second degree rape, second degree sexual offense, and robbery—is a "crime of violence" conviction within the meaning of § 643B(c). There can also be no question that any one of those crimes could have been considered the defendant's third crime of violence conviction. Thus, there can be no contention that Jones' robbery conviction did not qualify as a third conviction of a crime of violence. Significantly, Jones concedes that had he been convicted only of the crime of robbery, the trial court would have been authorized and indeed required to impose the mandatory penalty of § 643B(c) upon that conviction. We cannot agree with Jones' assertion that, because he was convicted of two additional crimes of violence, the sentencing judge thereby lacked the authority to impose the § 643B(c) penalty upon the robbery conviction. The conviction of additional crimes of violence does not alter the fact that the robbery conviction was a qualifying third conviction of a crime of violence.

Moreover, Jones' argument that the conviction of additional violent crimes should entitle a defendant to a proportionately more lenient sentence hardly makes sense. As the Court of Special Appeals aptly explained:

[Jones'] robbery conviction qualified as a crime of violence under § 643B(a). Without [Jones'] rape or sexual offense convictions, there would be no question that his robbery conviction was the third conviction of a crime of violence, and under § 643B(c) the mandatory twenty-five year sentence without the possibility of suspension or parole could be sought for that conviction. It makes no sense to limit the application of § 643B(c) to permit robbery to be punished more severely than permissible under § 486 only if it is committed during an incident in which no other more

serious crimes of violence are committed. A legitimate purpose of § 643B(c) is clearly to enhance punishment for criminals who commit additional crimes. It would be illogical to permit a criminal to reduce proportionally the enhancement of his or her punishment by committing additional and more serious crimes of violence during the incident in which the victim is robbed. Instead of getting an additional fifteen years as enhanced punishment for committing the single crime of robbery, the criminal could get only an additional five years as punishment for the three crimes of robbery, rape, and sexual offense. This would thwart the intent of the statute under these circumstances.

## B.

Section 643B(c) was enacted for the purpose of "providing new and different alternatives for dealing with aggressive and violent offenders." Ch. 678, 1977 Laws of Maryland. As we have repeatedly stated, the penological objectives of statutes such as § 643B(c) which mandate the extended incarceration of recidivist criminals is to provide warning to those persons who have previously been convicted of criminal offenses that the commission of future offenses will be more harshly punished, and to impose the extended period of incarceration upon those who fail to heed that warning so as to protect society from violent recidivist offenders. *See, e.g., Gargliano v. State,* 334 Md. 428, 442–45, 639 A.2d 675, 682–83 (1994); *Jones v. State,* 324 Md. 32, 38, 595 A.2d 463, 466 (1991); *Minor v. State,* 313 Md. 573, 576, 546 A.2d 1028, 1029 (1988); *Hawkins v. State,* 302 Md. at 148, 486 A.2d at 182; *Garrett v. State,* 59 Md.App. 97, 118, 474 A.2d 931, 941, *cert. denied,* 300 Md. 483, 479 A.2d 372 (1984).

Once the predicate requirements for imposition of a § 643B(c) penalty are met, a judge must impose the mandatory minimum penalty. There is nothing in the statute which would indicate that the Legislature intended to prevent sentencing judges from selecting, for example, the conviction which carries the greatest statutory penalty or the conviction

which the judge believes is most legally secure as the conviction upon which to impose the § 643B(c) penalty. Where the defendant is convicted of more than one crime of violence, we believe the Legislature intended to afford sentencing judges the discretion to make a reasoned consideration of, *inter alia*, the nature of each conviction and the defendant's criminal history, in selecting the conviction upon which to impose the enhanced penalty.

In Maryland, trial court judges are vested with broad discretion in the exercise of the "awesome responsibility of imposing sentence" on criminal defendants. *Johnson v. State,* 274 Md. 536, 538, 336 A.2d 113, 114 (1975); *see also State v. Dopkowski,* 325 Md. 671, 679, 602 A.2d 1185, 1189 (1992) ("The judge is accorded this broad latitude to best accomplish the objectives of sentencing—punishment, deterrence and rehabilitation."). To that end, judges have been given great latitude with respect to the evidence they may consider in fashioning a sentence that is responsive to the facts and circumstances of the offenses at issue. *Johnson v. State,* 274 Md. 536, 540–42, 336 A.2d 113, 115–16 (1975). We find it consistent with the purposes of § 643B(c) that sentencing judges retain the discretion to select the one conviction which shall serve as the defendant's third crime of violence conviction and upon which the § 643B(c) sentence shall be imposed.

In sum, we find that § 643B(c) is unambiguous and, therefore, that the rule of lenity is inapplicable. *See State v. Thompson,* 332 Md. 1, 7, 629 A.2d 731, 734 (1993); *Monoker v. State,* 321 Md. 214, 222–23, 582 A.2d 525, 529 (1990); *Robinson v. Lee,* 317 Md. 371, 379, 564 A.2d 395, 399 (1989). We hold that where a defendant is convicted of more than one crime of violence as the result of a single incident and has otherwise satisfied the prerequisites for imposition of the § 643B(c) sentence, the sentencing judge, in imposing only one § 643B(c) sentence, may impose the § 643B(c) sentence upon any one of the qualifying crime of violence convictions. Here, the imposition of the § 643B(c) penalty upon Jones' robbery conviction, which qualified as his third conviction of a

crime of violence, was proper. Accordingly, the judgment of the Court of Special Appeals is affirmed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS AFFIRMED; COSTS TO BE PAID BY PETITIONER.*

Dissenting opinion by BELL, J., in which ELDRIDGE, J., joins.

BELL, Judge, dissenting opinion in which ELDRIDGE, Judge, joins.

The majority today holds that when a defendant is convicted of three crimes of violence arising out of a single incident and all three convictions qualify as his third crime of violence conviction, a sentencing judge has discretion to impose the sentence mandated by Maryland Code (1957, 1992 Repl. Vol.) Article 27, § 643B(c) (the "section 643B(c) sentence"), with respect to any of the three qualifying convictions. It justifies that result by reasoning, where imposing the section 643B(c) sentence to each of the qualifying convictions would result in different sentences, the sentencing judge is enabled, by choosing the qualifying conviction, to ensure that the defendant receives the harshest possible sentence. I dissent. Section 643B(c) is ambiguous as it relates to this situation and the legislative intent on the subject is unclear. Consequently, the rule of lenity should apply. That rule requires that the section 643B(c) sentence be imposed as to the qualifying conviction that would yield the most lenient sentence.

Section 643B prescribes mandatory sentences for the commission of crimes of violence. Subsection (c) imposes a sentence of not less than 25 years, to be served without suspension or parole, upon any defendant who, after two prior convictions for crimes of violence, at least one of which resulted in a term of confinement, is convicted a third time for the commission of a crime of violence. Once the predicate requirements for imposition of a section 643B(c) sentence have been met, the sentencing judge has no choice but to impose on the defendant the mandatory minimum sentence prescribed. *Taylor v. State,* 333 Md. 229, 232–33, 634 A.2d 1322, 1323

(1993) *mandate corrected* (February 3, 1994); *State v. Taylor*, 329 Md. 671, 675, 621 A.2d 424, 426 (1993); *Loveday v. State*, 296 Md. 226, 236–37, 462 A.2d 58, 63 (1983). Even though a defendant may have been convicted of more than one qualifying crime of violence arising out of a single incident, it is well settled that he or she can receive only one section 643B(c) sentence, *State v. Taylor*, 329 Md. at 674, 621 A.2d at 425; *Calhoun v. State*, 46 Md.App. 478, 489, 418 A.2d 1241, 1249 (1980), *aff'd*, 290 Md. 1, 425 A.2d 1361 (1981). On the other hand, it is not at all clear, section 643B(c) being silent on the point, as to which of the qualifying convictions the mandatory minimum sentence should be applied.

When a question arises as to the meaning of a statute, the starting point is, of course, the words of the statute. In "our efforts to discover purpose, aim, or policy we look at the words of the statute. That is the thrust of the plain meaning rule...." *Kaczorowski v. City of Baltimore*, 309 Md. 505, 513, 525 A.2d 628, 632 (1987). *See also Harford County v. University of Maryland Medical System Corp.*, 318 Md. 525, 529, 569 A.2d 649, 651 (1990). If the words of the statute are clear, then ordinarily it is unnecessary to go any further. *State v. Thompson*, 332 Md. 1, 6–7, 629 A.2d 731, 734 (1993); *Mustafa v. State*, 323 Md. 65, 73, 591 A.2d 481, 485 (1991). In determining ambiguity, the court gives the words of the statute their ordinary and common meaning, *Dickerson v. State*, 324 Md. 163, 171, 596 A.2d 648, 652 (1991); it does not add or delete words in order to give the statute a meaning not evident by the words actually used. *State v. Thompson*, *supra*, 332 Md. at 7, 629 A.2d at 734–35. If, however, the statute is ambiguous, different rules apply. The legislative intent must be sought from other sources. *See Thompson*, 332 Md. at 7, 629 A.2d at 734; *Harris v. State*, 331 Md. 137, 146, 626 A.2d 946, 950 (1993), quoting *Wynn v. State*, 313 Md. 533, 539, 546 A.2d 465, 468 (1988), quoting *Kaczorowski*, 309 Md. at 514–15, 525 A.2d at 632–33.

When ambiguity has been found and the legislative intent is in doubt, a penal statute—and section 643B(c) is a penal statute—is strictly construed against the State and in favor of

the defendant. *Harris,* 331 Md. at 145, 626 A.2d at 950; *State v. Kennedy,* 320 Md. 749, 754, 580 A.2d 193, 195 (1990); N. Singer, *Sutherland on Statutory Construction* § 59.03 (5th ed. 1992). This is consistent with the proposition that when there is doubt about the construction of a penal statute, the rule of lenity applies. The rule of lenity prohibits a court from interpreting a criminal statute so as to increase the penalty it places on a defendant "when such an interpretation can be based on no more than a guess as to what [the legislature] intended." *Monoker v. State,* 321 Md. 214, 222, 582 A.2d 525, 529 (1990) (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 214, 3 L.Ed.2d 199, 205 (1958)). In *Robinson v. Lee,* 317 Md. 371, 379–80, 564 A.2d 395, 399 (1989), this Court stated:

> Fundamental fairness dictates that the defendant understand clearly what debt he must pay to society for his transgressions. If there is doubt as to the penalty, then the law directs that his punishment must be construed to favor a milder penalty over a harsher one.

The majority insists that section 643B(c) is unambiguous. Majority Op. at 262–63. It reaches this conclusion by emphasizing what is both obvious and undisputed: that section 643B(c) requires a trial judge to impose a minimum twenty-five year sentence, to be served without suspension or parole, when a defendant meeting the other prerequisites is convicted of a third crime of violence, and that the conviction on which the court imposed the section 643B(c) sentence in this case qualified as a third conviction of a crime of violence. *Id.* The majority then rejected the petitioner's argument that the trial court "lacked the authority to impose the § 643B(c) penalty upon the robbery conviction," *id.,* holding instead that it is within the court's sound discretion to select the one conviction to serve as the third crime of violence conviction and upon which to impose the section 643B(c) sentence. *Id.* at 265. It reasons:

> There is nothing in the statute which would indicate that the Legislature intended to prevent sentencing judges from selecting ... the conviction which carries the greater statu-

tory penalty or the conviction which the judge believes is most legally secure as the conviction upon which to impose the § 643B(c) penalty.

*Id.* at 264–65. Placing the discretion in the trial court is consistent with the legislative intent in enacting section 643B(c), it concluded:

Where the defendant is convicted of more than one crime of violence, we believe the Legislature intended to afford sentencing judges the discretion to make a reasoned consideration of, *inter alia,* the nature of each conviction and the defendant's criminal history, and to impose the § 643B(c) penalty upon the conviction that will yield a total sentence that best serves to further the goals of § 643B(c)—protection of the public, deterrence of future offenses by others, and extended incarceration of the recidivist violent offender.

*Id.* at 265.

Although section 643B(c) clearly provides that a person "shall be sentenced, on being convicted a third time of a crime of violence, to imprisonment for the term allowed by law, but, in any event, not less than 25 years," without the possibility of suspension or parole, it does not address, in terms, the situation when there is more than one qualifying third conviction. Thus, while it may be susceptible to but one meaning, *i.e.,* unambiguous as to the effect of a qualifying third offense, when multiple convictions arising out of a single incident are added to the mix, the statute does not so clearly define how and to which conviction the mandatory minimum is to be applied. It simply does not reflect whether the mandatory minimum was intended to be applied to the conviction carrying the harshest maximum sentence or to the one carrying the most lenient. In short, although unambiguous on its face, section 643B(c) is ambiguous on this latter point. That is important because, as in this case, the conviction selected can significantly affect the sentence the defendant receives. Consequently, we must seek to discover the intent of the Legislature from other sources.

The purpose of section 643B(c) is clear. It was enacted to provide new and different alternatives for dealing with aggressive and violent offenders. *See* Ch. 678, 1977 Laws of Maryland. Recently, we considered the purpose of the enhanced punishment scheme of section 643B, observing:

> We have repeatedly stated that the purpose of this enhanced punishment statute was to 'protect the public from assaults upon people and injury to property and to deter repeat offenders from perpetrating other criminal acts of violence under the threat of an extended period of confinement.' *Hawkins v. State*, 302 Md. 143, 148, 486 A.2d 179, 182 (1985).

*Taylor v. State, supra,* 333 Md. at 236, 634 A.2d at 1325 (quoting *State v. Taylor,* 329 Md. 671, 675, 621 A.2d 424, 426 (1993)). Section 643B(c) sets out just what is being threatened—it is patent from even a cursory review that the "extended period of confinement" is twenty-five years imprisonment, without suspension or parole. Although it is most evident from the statutory statement of purpose and the terms of section 643B(c) that the intent of the Legislature was to deal harshly with recidivist criminals, neither the legislative history of section 643B(c), nor its terms contains a similar indication as to the intended treatment of multiple convictions. In fact, there is no indication that the Legislature even considered the multiple conviction scenario. The legislative history simply does not reflect that the Legislature made a judgment as to which conviction of the several convictions arising out of the same incident should be enhanced.[1] Nor is there anything in that history to suggest that the "harshness" it prescribed was intended to be different depending upon

---

1. Examining the statutes of other jurisdictions would not be beneficial in this instance. Although other states have decided that only one qualifying conviction may be enhanced, *see e.g., California v. Cortez*, 6 Cal.App.4th 1202, 8 Cal.Rptr.2d 580 (Cal.Ct.App.1992); *Rezin v. Nevada*, 95 Nev. 461, 596 P.2d 226 (Nev.1979); *Mullins v. Texas*, 409 S.W.2d 869 (Tex.Crim.App.1966); at present, no jurisdiction has decided which sentence should be enhanced in a case with multiple convictions arising out of a single incident.

whether more than one qualifying conviction to which the enhanced sentence could be applied is applicable.

The majority's legislative intent analysis relies heavily on the general purpose for enacting the statute. Using that purpose, which is to treat recidivists more harshly than first time offenders, the majority is able to justify permitting the trial court's selection of the conviction to which the section 643B(c) enhanced sentence is to be applied, by emphasizing that the trial court is enabled to impose a harsher overall sentence. While that theme is predominant throughout much of the majority opinion, the majority recognizes that the court's discretion need not be exercised to ensure harshness; the court need not opt to select the conviction which would result in the harshest sentence and, indeed, that other reasons might dictate the court's choice:

> Once the predicate requirements for imposition of a § 643B(c) penalty are met, a judge must impose the mandatory minimum penalty. There is nothing in the statute which would indicate that the Legislature intended to prevent sentencing judges from selecting, for example, the conviction which carries the greatest statutory penalty or the conviction which the judge believes is most legally secure as the conviction upon which to impose the § 643B(c) penalty.

Majority op. at 264–65. Thus, the majority really does not hold that the legislative intent was to impose the harshest possible sentence; rather, and necessarily, it holds only that the legislative intent was to allow the trial judge the opportunity to choose to do so. Had either been the legislature's intent, it very easily could, and I submit would, have provided.

The majority is simply wrong. Section 643B(c) is quite ambiguous. There being three qualifying convictions, it fails to mention to which one of them the mandatory minimum sentence should apply. And, as we have seen, the legislative history is devoid of anything to suggest what the Legislature intended in this situation. Surely, legislative silence on an issue, coupled with the general purpose of the enactment, does

not equate with legislative intent to impose on the three time loser the harshest possible sentence. It certainly does not comport with an intent to entrust the fulfillment of that intent to the trial judge, to, in other words, imbue the trial judge with discretion sufficient to permit him or her to structure the sentence so as to guarantee that the defendant receives the harshest possible sentence. Nor does that combination give the trial court tacit approval to apply the statute in whatever fashion it sees fit. In short, the State's argument that the court has discretion to select the conviction on which to impose the § 643B(c) enhanced sentence, including the conviction carrying the most lenient maximum penalty, is neither supported by the record nor by the statute's legislative history. Indeed, had the Legislature contemplated this situation and intended that the most severe sentence be imposed or that the court's discretion should prevail, it easily could have done so. All the Legislature need have done would have been to provide that, in multiple conviction cases, the section 643B(c) sentence must be imposed upon that conviction which would have the effect of producing the greatest possible sentence or that the trial court shall select the conviction to be enhanced. The Legislature, of course, did neither.

By enacting § 643B(c), the Legislature made crystal clear what it deemed to be sufficient "harsh" punishment for a three time loser and, furthermore, it prescribed the form that that punishment would take: A mandatory minimum twenty-five year sentence, without the possibility of suspension or parole. To be sure, we have held that, where the offense carries a sentence greater than the mandatory section 643B(c) sentence, the trial court's discretion is affected only insofar as the mandatory sentence is concerned, see *Taylor v. State*, 333 Md. at 236, 634 A.2d at 1325; the Legislature, in other words, did not interfere with the trial court's exercise of discretion consistent with its intent that the defendant receive the sentence it has prescribed. By its very terms, section 643B(c) brooks no interference with its mandatory provision. Thus, while, where the law otherwise permits, a sentencing court may impose a sentence greater than the minimum twenty-five years—in that

event, the portion of the sentence that is not enhanced would be subject to suspension and parole, *see Taylor v. State,* 333 Md. at 237, 634 A.2d at 1326—in no event does the court have any discretion whatsoever as to the enhanced portion of the sentence. What the State urges in this case is not an exercise of discretion above and beyond the mandatory sentence, but a manipulation of the mandatory portion of the sentence itself to achieve a result that may or may not comport with what the Legislature believes is appropriate, one that may be harsher or more lenient than it would have intended.

The majority's position is reflected in the passage it quoted, with approval, from the Court of Special Appeals' unreported opinion:

> [Jones'] robbery conviction qualified as a crime of violence under § 643B(c). Without [Jones'] rape or sexual offense conviction, there would be no question that his robbery conviction was the third conviction of a crime of violence, and under § 643B(c) the mandatory twenty-five year sentence without the possibility of suspension or parole could be sought for that conviction. It makes no sense to limit the application of § 643B(c) to permit robbery to be punished more severely than permissible under § 486 only if it is committed during an incident in which no other more serious crimes of violence are committed. A legitimate purpose of § 643B(c) is clearly to enhance punishment for criminals who commit additional crimes. It would be illogical to permit a criminal to reduce proportionally the enhancement of his or her punishment by committing additional and more serious crimes of violence during the incident in which the victim is robbed. Instead of getting an additional fifteen years as enhanced punishment for committing the single crime of robbery, the criminal could get only an additional five years as punishment for the three crimes of robbery, rape, and sexual offense. This would thwart the intent of the statute under these circumstances.

Majority op. at 263–64. This passage demonstrates that the intermediate appellate court, and now the majority, is proceeding both on a false premise and speculation. Not only did

the Legislature provide that a recidivist's sentence would be enhanced but it provided exactly what that enhancement would be; it specifically set forth what it would be in the case of a three time loser.

Because this Court has made clear that only one enhanced sentence may be imposed, it follows that the same enhanced sentence must apply however many qualifying convictions there are. Thus, the enhanced sentence is twenty-five years without suspension or parole, whether the defendant commits one or twenty-five crimes arising out of the same incident. It is not, therefore, the enhanced sentence that is at issue; rather it is how to fit the non-enhanced sentences within the scheme so as, if not enhance them in the same sense as section 643B(c) contemplates, to ensure that the defendant is punished as fully as possible. This issue brings us back to legislative intent. As I have demonstrated, there is no support for the intent the majority attributes to section 643B(c) as it relates to the multiple sentence scenario—just the majority's speculation. Were the Legislature's intent to avoid "permit[ting] a criminal to reduce proportionally the enhancement of his or her punishment by committing additional and more serious crimes of violence during the [same] incident," surely it could, and would, have said so more clearly. In any event, as I have demonstrated, and the majority tacitly acknowledges, the majority's resolution of the issue is not consistent with that purpose since it relies on the court's exercise of discretion, which may or may not be exercised consistently therewith, i.e., with an eye toward achieving that result; the court may choose to enhance a particular sentence because "the judge believes [the conviction] is most legally secure." Majority op. at 265.

In sum, if a defendant must receive 25 years imprisonment without the possibility of suspension or parole, for his or her third crime of violence conviction, it is clear that the Legislature intended to punish him or her harshly, there being no question but that such a sentence is harsh. Although in the case of multiple convictions the severity of the overall sentence may vary depending on the convicted offense to which the

enhanced sentence is applied, the legislative purpose of dealing more harshly with recidivist criminals is served whichever is chosen. That being the case, it is not enough to look at the general purpose of the legislation; on the contrary, it is necessary to consider specifically what, if anything, the Legislature had to say about the portion of the legislation construed. In this case, it said nothing, although the result, and indeed, its definition of "harsh" is dependent on the outcome of such an inquiry. In short, section 643B(c), as indicated previously, is ambiguous. Since section 643B(c) is ambiguous, the legislative intent is unclear on the point, and the legislative purpose of dealing harshly with recidivists is served regardless of the sentence enhanced, in the case of a defendant with multiple convictions arising out of a single incident, it is the conviction carrying the lesser sentence that should be enhanced. *Belman v. State,* 322 Md. 207, 213, 586 A.2d 1281, 1284 (1991) ("Where a statute is ambiguous and the legislative intent is in doubt, the courts are inclined toward the construction most favorable to the accused."). To like effect, *see Garnett v. State,* 332 Md. 571, 585, 632 A.2d 797, 804 (1993); *Malcolm v. State,* 314 Md. 221, 234–35, 550 A.2d 670, 676 (1988); N. Singer, *Sutherland on Statutory Construction* § 59.03 at 103 (5th ed. 1992). (Where there is doubt concerning the severity of the sentence prescribed by a statute, a milder penalty over a harsher one will be favored).

ELDRIDGE, J., joins in the views expressed herein.