691 A.2d 1309

**In re MICHAEL B.**

**No. 52, Sept. Term, 1996.**

Court of Appeals of Maryland.

April 7, 1997..

Martha Weisheit, Assistant Public Defender (Stephen E. Harris, Public Defender, on brief), Baltimore, for Appellant.

C.J. Messerschmidt, Assistant Attorney General (J. Joseph Curran, Jr., Attorney General, on brief), Baltimore, for Appellee.

Argued before BELL, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, RAKER and WILNER, JJ.

## ORDER

PER CURIAM.

On July 26, 1996, this Court, on its own motion, issued a writ of certiorari to the Court of Special Appeals to address questions related to whether a juvenile court has authority to compel a non-custodial parent to visit her off-spring and to order that party, under penalty of contempt, to undergo counseling for the benefit of the child.

Michael B., the minor child who is the subject of this case, was removed from the custody of the appellant, Carline T., his mother, on April 27, 1994. For a period, the custody order prohibited her visitation with Michael B. Subsequently, however, having conducted a review hearing on October 12, 1994, the court modified the order to permit such visitation. Thereafter, at a subsequent review hearing, held on November 1, 1995, the appellant was ordered, over her objection, to undergo counseling and to visit with Michael B., the court having determined that both were in the best interest of the child.

Failure to comply with the counseling order, the court told her, would subject her to being held in contempt.

After this court granted certiorari, but before the appellee Montgomery County Department of Social Services filed its brief and prior to oral argument in this Court, the juvenile court entered an ORDER FOR CINA CLOSURE. By that order, the court rescinded its jurisdiction over Michael B.

That order also rendered this case moot, since, at this time, "there is no longer an existing controversy between the parties, so that there is no longer any effective remedy which the court can provide." *Attorney Gen. v. Anne Arundel Co. School Bus Contractors Ass'n,* 286 Md. 324, 327, 407 A.2d 749, 752 (1979). Moreover, although the issues for which we granted certiorari involve matters of public concern, in this case, "there is no imperative or manifest urgency to establish a rule of future conduct." *Id.* at 328, 407 A.2d at 752–53.

**NOW, THEREFORE,** it is this 7th day of April, 1997,

**ORDERED,** by the Court of Appeals of Maryland, that the judgment of the District Court of Maryland sitting in Montgomery County as Juvenile Court be, and it is hereby, vacated. *See Balt. v. Comm. On Legislative Invest.,* 341 Md. 23, 25, 668 A.2d 33, 34 (1995); *Anne Arundel Co. School Bus, supra,* 286 Md. at 330, 407 A.2d at 753. *See* also Maryland Rule 8–602(a)(10). Costs in the District Court and in this Court to be paid by the appellee.