798 A.2d 1187

G.E. CAPITAL MORTGAGE SERVICES, INC.,

v.

Samuel W. EDWARDS, Jr.

No. 203, Sept. Term, 2001.

Court of Special Appeals of Maryland.

May 30, 2002.

450

Jeffrey B. Fisher, Upper Marlboro, for appellant.

No brief or appearance by appellee's counsel.

Argued before KENNEY, KRAUSER, CHARLES E. MOYLAN, JR. (Ret'd, specially assigned), JJ.

KENNEY, J.

Appellant/mortgagee, G.E. Capital Mortgage Services, Inc. ("GECAM"), appeals a decision by the Circuit Court for Prince George's County denying its motion for judgment of possession, which had been filed after GECAM successfully bid for the property of appellee/mortgagor, Samuel J. Edwards, Jr., at a foreclosure sale. GECAM poses two questions on appeal, which we have reordered and rephrased as follows:

I. Notwithstanding the subsequent ratification of the foreclosure sale, does the appeal present an issue of significant public importance which is likely to arise often?

II. Is a secured party entitled to enforce its right of possession pursuant to Rule 14–102 prior to ratification of the foreclosure where the secured party is the purchaser and the deed of trust provides for the right to possession?

We answer both questions in the affirmative and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On October 27, 1992, Edwards refinanced his property at 3007 Brodkin Avenue in Fort Washington with GECAM. Edwards secured the debt with a deed of trust. When he defaulted on the loan, GECAM appointed substitute trustees and initiated foreclosure proceedings in the Circuit Court for Prince George's County.

The foreclosure sale took place on October 6, 2000. GE-CAM was the highest bidder at the sale, and the trustees accepted its bid.

On October 18, 2000, prior to ratification of the sale, GE-CAM filed a Motion for Judgment of Possession Requesting Order Prior to Ratification of Sale (the "motion"). GECAM asserted that it was the purchaser at the foreclosure and that "[o]nce the mortgagee was in default, movant was entitled to possession." The motion specifically provides that "[i]f the sale reported herein has not been ratified by the time the motion is decided, movant requests that the Order of Possession provide that no writ of possession issue until ratification of the sale[.]" The court entered a show cause order on December 19, 2000, and held a hearing on March 2, 2001. At the hearing, the court summarily, and without explanation, denied GECAM's motion as "premature at this time." The sale was ratified on March 14, 2001. GECAM timely appealed the court's denial of its motion on April 2, 2001. Edwards has not participated in the appeal.

## DISCUSSION

### I. Mootness

"A case is moot when there is no longer an existing controversy between the parties at the time it is before the court so that the court cannot provide an effective remedy." *Coburn v. Coburn,* 342 Md. 244, 250, 674 A.2d 951 (1996). Moot cases are generally dismissed without a decision on the merits. *Coburn,* 342 Md. at 250, 674 A.2d 951. In rare instances, however, we address a moot case if it "presents 'unresolved issues in matters of important public concern that,

if decided, will establish a rule for future conduct,' or the issue presented is 'capable of repetition, yet evading review.' " *Stevenson v. Lanham*, 127 Md.App. 597, 612, 736 A.2d 363 (1999) (citations omitted).

At present, there is apparently no longer an existing controversy, because the sale was final and all ownership rights in the property have passed. *See Janoske v. Friend*, 261 Md. 358, 365, 275 A.2d 474 (1971) (quoting *Lannay v. Wilson*, 30 Md. 536, 550 (1869)); *Union Trust Co. v. Biggs*, 153 Md. 50, 137 A. 509 (1927); *In re Denny*, 242 B.R. 593 (Bankr.D.Md. 1999) (citing *In re DeSouza*, 135 B.R. 793 (1991)). Therefore, we must determine whether, as GECAM contends, the issue presented is "capable of repetition yet evading review."

GECAM states in its brief that motions for judgment of possession filed prior to ratification are treated differently in different circuit courts. GECAM alleges, for example, that the Circuit Courts in Prince George's County and Calvert County will not consider a motion for possession until after ratification, whereas "[s]everal other counties and Baltimore City use a Show Cause Order but not with a hearing, except as may arise under the circumstances of a particular case." According to GECAM, in most cases, a sale is ratified shortly after a show cause hearing and before this Court would have an opportunity to review the denial of a motion.[1]

Pursuant to Rule 14–102, which governs judgments awarding possession, and which we will discuss in more detail below, "the procedure shall be governed by Rule 2–311." Rule 2–311 reads, in pertinent part:

(a) *Generally.*—An application to the court for an order shall be by motion which, unless made during a hearing or

---

1. Motions for judgment of possession are appealable interlocutory orders pursuant to Md.Code Ann. (1973, 1998 Repl.Vol.), § 12–303(1) of the Courts and Judicial Proceedings Article, which reads, in pertinent part: "A party may appeal from any of the following interlocutory orders entered by a circuit court in a civil case: (1) An order entered with regard to the possession of property with which the action is concerned[.]"

trial, shall be made in writing, and shall set forth the relief or order sought.

(b) *Response.*—Except as otherwise provided in this section, a party against whom a motion is directed shall file a response within 15 days after being served with the motion, or within the time allowed for a party's original pleading pursuant to Rule 2–321(a), whichever is later.... If a party fails to file a response required by this section, the court may proceed to rule on the motion.

* * *

(f) *Hearing—Other motions.*—A party desiring a hearing on a motion, other than a motion filed pursuant to Rule 2–532, 2–533, or 2–534,[2] shall so request in the motion or response under the heading "Request for Hearing." Except when a rule expressly provides for a hearing, the court shall determine in each case whether a hearing will be held, but it may not render a decision that is dispositive of a claim or defense without a hearing if one was requested as provided in this section.

■ In this case, the motion was uncontested. Pursuant to Rule 2–311(f), the court has the discretion to determine whether a hearing is necessary on a motion. According to GECAM, however, the Circuit Court of Prince George's County always requires a hearing on motions for judgment of possession instead of evaluating each case to determine whether a hearing is warranted. In other words, the court has abrogated the discretion provided to it pursuant to the Rule. As recognized by the Court of Appeals, the failure to exercise discretion is, itself, an abuse of discretion. *See Merritt v. State,* 367 Md. 17, 27, 785 A.2d 756 (2001) (and cases cited therein).

In light of the delay that naturally occurs when a hearing is set, we agree with GECAM that, by the time a hearing is held and a motion is denied, the time for ratifying the foreclosure

---

**2.** Rule 2–532 refers to motions for judgment notwithstanding the verdict; Rule 2–533 concerns motions for new trial; and Rule 2–534 refers to motions to alter or amend a judgment.

sale might be near or have passed. Pursuant to Rule 14–305(e):

> The court shall ratify the sale if (1) the time for filing exceptions pursuant to section (d) of this Rule has expired and exceptions to the report either were not filed or were filed but overruled, and (2) the court is satisfied that the sale was fairly and properly made. If the court is not satisfied that the sale was fairly and properly made, it may enter any order that it deems appropriate.

Exceptions must be filed within thirty days after the date of a notice of sale or the filing of the report of sale. Rule 14–305(d)(1). In cases such as this one, where no exceptions were filed, ratification could occur quite quickly. Consequently, sales might frequently be ratified before we are able to address the merits of the denial of a motion for judgment of possession. Therefore, we are persuaded that the issue is "capable of repetition yet evading review," and will address the merits of the case.

## II. Was the Motion Properly Denied

 We review a court's denial of a motion for judgment of possession for abuse of discretion. *See Billingsley v. Lawson,* 43 Md.App. 713, 726–27, 406 A.2d 946 (1979) (citing Rule 637, the predecessor to Rule 14–102). Rule 14–102 reads as follows:

> (a) *Generally.* Whenever the purchaser of an interest in real property at a sale conducted pursuant to these Rules is entitled to possession, and the person in actual possession fails or refuses to deliver possession, the purchaser may file a motion requesting the court to enter a judgment awarding possession of the property. Except as otherwise provided in this Rule, the procedure shall be governed by Rule 2–311.

> (b) *Service.* The motion shall be served on the person in actual possession and on any other person affected by the motion. If the person was a party to the action that resulted in the sale or to the instrument that authorized the sale, the motion may be served in accordance with Rule 1–321. Otherwise, the motion shall be served in accordance

with Rule 2–121, and shall be accompanied by a notice advising the person to file a response to the motion within the time prescribed by sections (a) and (b) of Rule 2–321 for answering a complaint.

■ To invoke the rule, the purchaser must show that (1) the property was purchased at a foreclosure sale, (2) the purchaser is entitled to possession, and (3) the person in possession fails or refuses to relinquish possession. Here, it is undisputed that GECAM bought the property at a foreclosure sale. Although Edwards did not contest the motion, we can also assume that he refused or failed to relinquish possession of the property. Otherwise, there would be no need for the motion. The question then becomes whether, under such circumstances, GECAM was entitled to possession before ratification.

■ GECAM's argument turns on the interpretation of Rule 14–102. It argues that nothing in the Rule forbids a purchaser who is entitled to possession from requesting a judgment awarding possession. When we interpret the Maryland Rules, we use the same rules and canons as we would in construing a statute. *Pickett v. Sears, Roebuck & Co.*, 365 Md. 67, 78–79, 775 A.2d 1218 (2001). Our goal in interpreting the Rules is to determine and effectuate the intent of the drafters. *See Mayor and City Council of Baltimore v. Chase*, 360 Md. 121, 128, 756 A.2d 987, 991 (2000). "To this end, we begin our inquiry with the words of the statute and, ordinarily, when the words of the statute are clear and unambiguous, according to their commonly understood meaning, we end our inquiry there also." *Chesapeake and Potomac Telephone Co. of Maryland v. Director of Finance for Mayor and City Council of Baltimore*, 343 Md. 567, 578, 683 A.2d 512 (1996). "If persuasive evidence exists outside the plain text of the statute, we do not turn a blind eye to it." *Adamson v. Correctional Medical Servs., Inc.*, 359 Md. 238, 251, 753 A.2d 501 (2000) (citing *Kaczorowski v. Mayor of Baltimore*, 309 Md. 505, 514, 525 A.2d 628, 632 (1987)). Moreover, "[e]ven where the language of the rule is plain and unambiguous, . . . we may

consider 'relevant case law and appropriate secondary authority' ... to 'place the rule in question in the proper context.' " *Pickett,* 365 Md. at 79, 775 A.2d 1218 (citing *Johnson v. State,* 360 Md. 250, 265, 757 A.2d 796, 804 (2000)).

The plain language of Rule 14–102 does not require a purchaser to wait until after ratification before filing a motion. Nevertheless, the circuit court denied the motion because GECAM's "request for judgment of possession is premature at this time."

The Court of Appeals has explained Rule 637, the predecessor to Rule 14–102, as follows:

> Rule 637 was adopted in 1957. It supplanted the procedural provisions of Code (1951) Art. 75, § 99. The statute referred to "a writ in the nature of a writ of *habere facias possessionem.*" It is explained in 2 Poe, *Pleading & Practice* § 618 (Tiffany ed.1925) that "[t]his writ is the appropriate remedy to compel and enforce obedience to a final judgment in ejectment ... and has long been in use as a common-law judicial writ. It has, however, a wider scope under several Acts of Assembly ...." Further explanation is contained in Miller, *Equity Procedure* § 530 (1897), which states:
>
> > "The act of 1825, ch. 103, sec. 1, first gave authority to the court of chancery to issue a writ in the nature of a writ of habere facias possessionem. The act related only to sales under process of execution; it did not apply to any other process. The act was remedial in its character and was to be liberally construed, although confined to specified cases. The evil intended to be remedied by the act was that debtors and those claiming under them, after a sale of their lands by the sheriff, held on to their possession until ousted by the tedious process of ordinary judicial proceedings, thus depriving purchasers, for years, of the lands they had paid for." *Id.* at 623.
>
> A writ of assistance has been described as "the equitable equivalent to the writ of possession which issues at law—the writ of habere facias possessionem." *See* 7 C.J.S. *Assis-*

*tance, Writ of* §§ 1, 10 (1937), and 6 Am.Jur.2d *Assistance, Writ of* §§ 1–2 (1963).

*Seek v. Winters,* 270 Md. 715, 720, 313 A.2d 453 (1974).

"[S]ection 99 of article 75 of the Code provides for the judicial procedure under which writs in the nature of *habere facias possessionem* may be applied for to the court in which the foreclosure proceedings are pending, by a purchaser at a mortgage sale." *Watson v. Home Owners' Loan Corp.,* 176 Md. 36, 41, 3 A.2d 715 (1939). Rule 637 "supplanted" this statutory provision, stating, in pertinent part:

(a) *Application.* This Rule shall apply where lands or tenements shall be sold by any sheriff or constable, by virtue of process or execution from a court, or by a trustee under the decree of a court, or by a trustee by appointment of an insolvency court, or by a trustee under any voluntary deed of trust, or by a mortgagee under any power in a mortgage, or by an executor or any other person under a power in a will.

(b) *Writ to Be Against Privies of Debtor, etc.* If the debtor named in such execution or decree, his surviving spouse or heirs who are parties to the proceedings in which such execution was issued or such decree passed, the insolvent grantor or mortgagor in said deed of trust or mortgage, or any person holding under said debtor, insolvent grantor or mortgagor, or any person holding under said debtor, insolvent grantor or mortgagor by title subsequent to the judgment, decree, insolvent proceedings, deed of trust or mortgage, or any person claiming under the devisor of will, shall be in actual possession of the lands and tenements sold and shall fail to deliver possession thereof to the purchaser, the court for the county in which said lands or tenements may be situate, shall, on application in writing, verified by the purchaser, unless good cause to the contrary be shown by the party in actual possession, or other persons concerned, within not less than fifteen days nor more than thirty days from the filing of such application, issue a writ of possession reciting the proceedings which may have been

had and commanding the sheriff to deliver possession of the said lands or tenements to the purchaser.

Rule 637 (1984). The language of the Rule indicates that its application is tripped by sale and not by ratification.

Subsequently, applications for writ of possession were governed by Rule 2–311, *supra*. Rule 14–102, Reporter's Note (1995). However,

> while a motion under Rule 2–311 may be acceptable when the person in possession of the property is the defendant or some other person who was a party to the action that resulted in the sale, the motion practice ... may not be acceptable when the person in possession was not a party to the action.

Rule 14–102, Reporter's Note (1995). Accordingly, the Property Subcommittee proposed Rule 2–905, now Rule 14–102, for the Committee's consideration. Court of Appeals Standing Committee on Rules of Practice and Procedure, Minutes, June 17–18, 1988, "Agenda Item 3. Consideration of proposed new Rule 2–905, Judgment Awarding Possession" [Rule 14–102] at 20 (hereinafter "Minutes"). The Reporter's Note to the proposed Rule, indicated that ordinarily the judgment for writ of possession may only be entered after ratification. Discussion of the proposed rule included a representation that,

> [u]nder current rules, there is no clear rule describing the procedure to evict a party in possession after the entry of a final order ratifying a foreclosure under the power of sale in a deed of trust.

Minutes at 21.

The discussion also concerned when a petition for writ of judgment of possession would occur. The minutes reflect that the Chair "answered that after final order of ratification in a mortgage foreclosure sale, if the original mortgagors still occupy the property and the purchaser wants to take possession, this situation occurs." Minutes at 24. The Chair then clarified that "you cannot request possession until the final order of ratification" except in a deed of trust situation because "the standard uniform deed of trust does not provide

any right for the grantor [debtor] to remain on the property. [The Chair] stated that under the Maryland version, the trustee has the right to immediate possession at all times." Minutes at 25. In this case the right to possession was expressly provided for in the deed of trust itself, which states that "[u]pon acceleration under paragraph 17 hereof or abandonment of the Property, Lender, in person, by agent or by judicially appointed receiver shall be entitled to enter upon, take possession of and manage the Property[.]"

In the case of a purchaser claiming through the mortgagee, it has been noted by a well-known commentator:

It would appear to violate due process for the writ [of possession] to be issued before the sale has been ratified, absent circumstances of imminent waste; however, as a general rule the mortgagee is entitled to possession of the premises upon default and, with the cooperation of the mortgagee, a purchaser, claiming through the mortgagee, should be entitled to possession on that basis alone—provided the mortgagee is the moving party.

Alexander Gordon IV, GORDON ON MARYLAND FORECLOSURES § 26.03 at 716 n. 2 (3d ed.1994) (hereinafter "Gordon").

Whatever the rights of a purchaser claiming through the trustee or mortgagee, which need not be decided for the purposes of this opinion, it is true that ordinarily the truly third-party purchaser becomes entitled to possession of the premises "[u]pon the court's ratification of the sale, . . . upon settlement (payment of the purchase price and compliance with the terms of sale)." Gordon at § 25.03 (and cases cited therein) (footnotes omitted). *See also Janoske,* 261 Md. at 365, 275 A.2d 474 (quoting *Lannay,* 30 Md. at 550); *Billingsley v. Lawson,* 43 Md.App. 713, 726, 406 A.2d 946 (1979) (citing *Union Trust Co. v. Biggs,* 153 Md. 50, 55–56, 137 A. 509 (1927)).

In the instant case, GECAM, the creditor secured by the deed of trust became the purchaser of the property at foreclo-

sure.[3] If for no other reason than the terms of the instrument itself, it would appear that GECAM had a contractual right to possession in this case. According to Rule 14–102(a), "[w]henever the purchaser of an interest in real property at a sale conducted pursuant to these Rules is entitled to possession" and a person in actual possession will not deliver possession, the purchaser is entitled to the process afforded by Rule 14–102. Whatever other remedies, if any, that a purchaser may have, there are times when the right to possession might precede ratification and the invocation of Rule 14–102 would not be premature. Therefore, a court should inquire into the merits of the motion and investigate the need for a hearing on a case-by-case basis, and it is an abuse of discretion not to do so. Were it not for the fact that the sale in this instance has been ratified, and our assumption that possession is no longer an issue, we would remand for further proceedings. Here, it is sufficient to simply reverse the decision of the trial court. If possession does remain an issue, nothing herein would preclude appellants from pursuing possession pursuant to Rule 14–102.

**JUDGMENT REVERSED.**

**COSTS TO BE PAID BY APPELLANT.**

---

3. Although GECAM is technically the trust beneficiary, it appoints the trustee, who then acts on its behalf. "As a practical matter, these distinctions [between a mortgage and a deed of trust] are usually of little significance in modern practice." RUSSELL RENO, JR., WILBUR E. SIMMONS, JR., AND KEVIN L. SHEPHERD, 1 MARYLAND REAL ESTATE FORMS, § 3.1 at 275 (1983). *See also Darnestown Valley–WHM .Ltd. Pship. v. McDonald's Corp.*, 102 Md.App. 577, 586, 650 A.2d 1365 (1994), *cert. denied*, 338 Md. 201, 657 A.2d 795 (1995).