818 A.2d 1125

John E. HAMMEN,

v.

**BALTIMORE COUNTY POLICE DEPARTMENT, et al.**

**No. 60, Sept. Term, 2002.**

Court of Appeals of Maryland.

March 14, 2003.

Michael Marshall (Schlachman, Belsky & Weiner, P.A., on brief), Baltimore, for appellant.

Edward J. Gilliss, County Attorney (Suzanne T. Berger, Assistant County Attorney, on brief), Towson, for appellees.

Argued before BELL, C.J. ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

CATHELL, Judge.

This case concerns a request made by John E. Hammen, appellant, a retired police officer of the Baltimore County Police Department, pursuant to the Maryland Public Information Act (hereafter "MPIA"). The MPIA is codified in Maryland Code (1984, 1999 Repl.Vol., 2001 Supp.), section 10–611 *et seq.* of the State Government Article.[1]

On May 15, 2001, appellant made a MPIA request to the Baltimore County Office of Law for certain surveillance video-

---

1. Unless otherwise noted, all statutory references hereinafter are to these provisions of the State Government Article.

tapes taken of his activities. Appellant wanted access to the tapes to use in respect to the separate administrative proceedings related to the re-evaluation of his disability retirement benefits by the Employee's Retirement System's Board of Trustees. On August 13, 2001, the Baltimore County Office of Law denied appellant's MPIA request for a copy of the surveillance videotapes stating that their disclosure would be contrary to an unrelated decision rendered by the Court of Special Appeals and that the videotapes were not subject to inspection under the MPIA.

On October 31, 2001, appellant filed a statutory action in the Circuit Court for Baltimore County against the Baltimore County Police Department, *et al.*, appellees in the case *sub judice*,[2] claiming that the surveillance videotapes were not precluded from disclosure by the exemptions to the MPIA. The Employees' Retirement System filed an Answer.

On February 28, 2002, following a hearing on the matter, the Circuit Court issued an order finding that the surveillance videotapes were precluded from disclosure and upheld the Baltimore County Office of Law's denial of appellant's MPIA request. On March 7, 2002, appellant noted an appeal to the Court of Special Appeals. On August 22, 2002, we on our own initiative, granted a writ of certiorari to review this issue. *Hammen v. Baltimore County Police,* 370 Md. 268, 805 A.2d 265 (2002). Appellant has presented two questions for review:

"1. Does the discoverable status of a surveillance tape preclude a claim of work product in an action pursuant to the Maryland Public Information Act?

---

**2.** The record reflects that it was brought to the attention of the circuit court judge that appellant had improperly titled and filed the case against the Baltimore County Police Department, when, according to the parties, it should have been filed against the Employees' Retirement System. The proper styling of the case caption reflecting the appropriate parties to this case was never resolved and the documents still reflect the Baltimore County Police Department as the "appellees." Both the parties and the lower court are wrong. The statutory action under the MPIA should have been filed against the custodian of the records-apparently in this case the County Attorney.

"2.   Does the Maryland Public Information Act require the disclosure of a surveillance videotape that does not prejudice a pending administrative hearing?"

Because the videotapes have now been furnished to appellant, this case is moot.   Nevertheless, for reasons hereafter set forth, this is one of the rare instances in which it would be appropriate for the Court to express its views concerning certain merits of this moot controversy.   We rephrase the issue and express our views on the narrow issue of whether a person can invoke the MPIA to gain access to a relevant surveillance videotape which that person might not be able to access under the procedural rules provided for were that person making the request for disclosure in a court proceeding subject to the rules of discovery applicable to those proceedings?   We answer in the affirmative.[3]

### Facts

Appellant was a police officer for the Baltimore County Police Department until 1995, when he was involuntarily placed on disability retirement due to an injury sustained in 1993.   Appellant's injury, sustained in the line of duty, left him with back and lower extremity problems.   The issue in the case at bar originated with the Employees' Retirement System's re-evaluation and "recall" of appellant's disability status on April 25, 2001.

On May 8, 2001, appellant noted an appeal of the Employees' Retirement System's decision changing his disability status to the Baltimore County Board of Appeals (hereafter "the Board").   A hearing before the Board on this separate matter is apparently still pending on this decision by the Employees' Retirement System to "recall" appellant's accidental disability retirement status.   Appellant maintains in that case that his condition has not improved and his disability retirement status

---

**3.**   Because this case is moot, we shall not address the issues relating to the various MPIA exemptions or attempt to compare or distinguish this case from *Fioretti v. Board of Dental Examiners,* 351 Md. 66, 716 A.2d 258 (1998), or the other cases the parties to this action relied upon when arguing the applicability of the various MPIA exemptions.

should remain in effect because he is not able to return to active duty as an officer.

On May 15, 2001, appellant's former attorney, pursuant to the MPIA, requested from the Baltimore County Office of Law:

"[A]ll documents, files and records maintained by the Employees' Retirement System, the Office of Budget and Finance or any other County agency concerning [appellant] ... as well as any and all medical files maintained by Baltimore County concerning [appellant]. This request encompasses not only documents contained in files of Baltimore County, Maryland, but documents generated in connection therewith, including, but not limited to, tapes, magnetic discs, and any other media that may have been used to preserve documents and/or information concerning [appellant].... For the purposes of complying with this Request, it will not be necessary to produce [appellant's] personnel file maintained ... with the Baltimore County Police Department." [Alterations added.]

On August 13, 2001, the Assistant County Attorney for the Baltimore County Office of Law responded to appellant's former attorney's request and advised that "Due to information received about [appellant's] firefighting activities, an investigation was undertaken and surveillance videotapes obtained."[1] In this letter to appellant's former attorney, the

---

4. The record reflects that certain anonymous individuals claiming to be active police department members contacted the Employees' Retirement System and stated that appellant, who was supposedly disabled, had been serving as an active member of a volunteer fire department. As a result, the Baltimore County Office of Law, on behalf of the Employees' Retirement System, initiated an investigation of appellant, including the use of surveillance video, to aid in the re-evaluation of his disability retirement status. Baltimore County Code, Title 23, § 23–58 allows for the periodic re-evaluation of a disability retiree to determine if the retiree is capable of performing duties of the position held at the time of retirement. In such cases where the retiree is found by the Medical Board and Employees' Retirement System's Board of Trustees to be capable for a return to duty, the disability retirement benefit may be rescinded. This is what occurred in appellant's disability proceeding. The retiree is entitled to appeal any such decision to the Board,

Assistant County Attorney also advised that the videotapes were not subject to inspection under the MPIA and were further exempt under the holding in *Shenk v. Berger*, 86 Md.App. 498, 587 A.2d 551 (1991) [5] which the Assistant County Attorney proffered for the proposition that appellant could only get his tapes under the MPIA after first submitting to a deposition in the separate administrative proceeding regarding his disability status. It is this last contention that we shall address. On October 1, 2001, the Assistant County Attorney denied a second request for the surveillance videotapes (all other requested documents had been tendered to appellant) on the same grounds used for denying the prior request.

Following these refusals to release the requested videotapes and while his separate administrative appeal was pending before the Board, appellant wrote a letter to the Administrator of the Board. Appellant sought to have the Board intervene in the MPIA action to "schedule an informal hearing or meeting between [counsel] and the Board to discuss the resolution of this issue," *i.e.*, the release of the surveillance videotapes to appellant pursuant to his MPIA request. The Board's Chairman wrote to the Assistant County Attorney on October 24, 2001, stating that:

> "The Board has no power to enforce subpoenas or requests for information under the Maryland Access to Public Records Act [MPIA]. Any action to enforce subpoenas or information requests will have to be taken to the Baltimore County Circuit Court.

---

pursuant to the Baltimore County Charter, § 602(d) and any such appeal is conducted *de novo* before the Board pursuant to § 603 of the County Charter. The present appeal, however, does not involve the case in which appellant's disability status was "recalled," but is a separate statutory action under the MPIA.

**5.** On August 31, 2001, just after this response letter from the Baltimore County Office of Law, appellant's current attorney took over his case and sent a letter noting this change in representation and re-requested, pursuant to the MPIA, all videotapes, written and recorded statements and still photographs, among other records, in the County's possession regarding appellant's disability retirement status.

*"However, this Board would urge [the Assistant County Attorney] to allow [appellant] to view the videotape he is requesting to see prior to hearing. If he is not allowed to see the tape prior to the hearing, and requests a continuance of the hearing after seeing the tape in order to present additional evidence to counter the videotape, this Board will be inclined to grant such a continuance."* [Alterations added.] [Emphasis added.]

On October 29, 2001, the Assistant County Attorney wrote to appellant's attorney suggesting that the MPIA issue could be resolved if appellant would agree to be deposed by the County, in the separate administrative proceeding after which, he could then receive the tape. The letter stated:

"With respect to the videotape, I would suggest that we resolve this matter by allowing the County to depose your client [appellant] prior to the hearing in this case. As soon as the deposition is completed I will provide you with a copy of the tape. The Board's Rules of procedure allow for a deposition if both parties and their counsel are in agreement. The *Shenk v. Berger* case clearly held that the defense must be given an opportunity to depose the plaintiff fully as to his 'injuries, their effects and his present disabilities' before surveillance film is exhibited to the opposing party. While our case is not subject to the Circuit Court rules governing discovery, there is an avenue for meeting both the spirit and letter of the *Shenk* decision, which is a deposition by agreement." [Alteration added.] [6]

Therefore, on October 31, 2001, appellant filed suit under the MPIA in the Circuit Court for Baltimore County naming the

---

**6.** The Rules of Practice and Procedure of the Board provide that "Depositions shall not be allowed unless by agreement of all parties or their counsel of record." *See* Baltimore County Code, Rule 4. *Conduct of Hearings.* Subsection d. This county code provision provides for permissible discovery via a deposition in an administrative proceeding, not mandatory discovery like that which exists in court proceedings. Moreover, as we shall discuss, *Shenk* was an entirely different type of proceeding.

Baltimore County Police as the defendants in the action.[7] It was the Employee's Retirement System that answered appellant's MPIA complaint.

At the hearing before the Circuit Court, appellant asserted that the videotapes were a personnel record subject to inspection by him as the "person in interest" under the MPIA. The Assistant County Attorney, in addition to raising MPIA exemption issues further argued to the trial judge that the inspection was properly denied based on *Shenk*, where the Court of Special Appeals, in a civil tort action, interpreted the Maryland Rules pertaining to the permissible scope of discovery in that type of case and the conditions upon which such a videotape must or must not be provided in discovery.

On February 28, 2002, the Circuit Court judge found against appellant and upheld the prior decision of the Baltimore County Office of Law to deny appellant's access to the surveillance videotapes taken of his activities in association with the re-evaluation of his disability retirement benefit. In support of this decision, the hearing judge found that the Baltimore County Office of Law was precluded from disclosing the tape to appellant under the MPIA and, relying upon the Court of Special Appeals's holding in *Shenk*, found that if appellant would agree to be deposed, he would then be entitled to view the videotape after completing his deposition.[8] At this point, the judgment in the MPIA action became final.

---

7. Although this matter is obviously related to the underlying administrative proceeding in regards to appellant's disability benefits, the instant action seeks recourse under a separate statutory action because of the denial of information appellant sought under the provisions of the MPIA. The related, but separate, administrative action presumably is either proceeding or pending.

8. As we discuss *infra*, in the case *sub judice*, the Baltimore County Office of Law was essentially trying to force appellant's deposition in a separate case in exchange for appellant then being allowed pursuant to the MPIA to view his tape. In other words if appellant gave in to appellees' attempts to force him into a deposition, the appellees would not assert any rights or exemptions that might be applicable under the MPIA. It is this narrow issue we seek to clarify in this otherwise moot case.

On March 6, 2002, appellant filed a Notice of Appeal to the Court of Special Appeals in respect to the MPIA proceeding. On July 11, 2002, the Board began its hearing in the other administrative proceeding [9] concerning the "recall" of appellant's accidental disability retirement benefits. On this date, the Board disagreed with the letter its chairman had previously sent to the Baltimore County Office of Law suggesting appellant be allowed to view the videotape prior to the hearing. The Board ruled that appellant could only see the videotape after testifying at the administrative hearing regarding his disability benefits.[10]

## Discussion

### A. Mootness

"A case is moot when there is no longer an existing controversy between the parties at the time it is before the court so that the court cannot provide an effective remedy." *Coburn v. Coburn*, 342 Md. 244, 250, 674 A.2d 951, 954 (1996). *See Bd. of Physician Quality Assurance v. Levitsky*, 353 Md. 188, 200, 725 A.2d 1027, 1033 (1999); *Adkins v. State*, 324 Md. 641, 646, 598 A.2d 194, 197 (1991); *Robinson v. Lee*, 317 Md. 371, 375, 564 A.2d 395, 397 (1989); *Attorney General v. Anne Arundel County Sch. Bus Contractors Assoc., Inc.*, 286 Md.

9. As previously indicated, the hearing before the Board in this related, but separate, administrative proceeding is still pending at this time, as the dates to continue the hearing have been altered due to scheduling issues.

10. We are informed that appellant has testified before the Board in the administrative hearing concerning his disability benefits and has, since then, been able to view the surveillance videotapes at issue in the separate MPIA proceeding. Thus, the precise issue of appellant viewing his own tapes is "moot;" however, as we noted in footnote 6, we address the narrow issue of the Baltimore County Office of Law's ability to force a party's deposition when administrative proceedings are involved, in exchange for that party to then be allowed to view the surveillance video of himself or herself. It is this issue, within the context of the MPIA, a separate independent administrative proceeding and the Maryland Rules of discovery, that we seek to clarify for future parties in MPIA actions who face a situation similar to that faced by appellant.

324, 327, 407 A.2d 749, 752 (1979). It is undisputed that the present case is moot under this standard; there is no longer a controversy between appellant and appellees over the disclosure of the surveillance videotapes.

Further, we generally dismiss moot actions without a decision on the merits. *See J.L. Matthews, Inc. v. Maryland–National Capital Park & Planning Commn.*, 368 Md. 71, 96, 792 A.2d 288, 302 (2002); *Coburn*, 342 Md. at 250, 674 A.2d at 954. However, we have the constitutional authority to express our views on the merits of a moot case in certain instances. *See Matthews*, 368 Md. at 96, 792 A.2d at 302–03; *In re Adoption/Guardianship No: 93321055*, 344 Md. 458, 488, 687 A.2d 681, 695 (1997); *Baltimore Sun Co. v. State*, 340 Md. 437, 454, 667 A.2d 166, 174 (1995); *Mercy Hosp., Inc. v. Jackson*, 306 Md. 556, 562–63, 510 A.2d 562, 564–65 (1986) and *Lloyd v. Bd. of Supervisors of Elections*, 206 Md. 36, 43, 111 A.2d 379, 382 (1954).

In *Matthews*, we concluded that the Court will exercise its constitutional authority to express its views in moot controversies where:

> " '[T]he urgency of establishing a rule of future conduct in matters of important public concern is imperative and manifest. . . . If the public interest clearly will be hurt if the question is not immediately decided, if the matter involved is likely to recur frequently, and its recurrence will involve a relationship between government and its citizens, or a duty of government, and upon any recurrence, the same difficulty which prevented the appeal at hand from being heard in time is likely again to prevent a decision, then the Court may find justification for deciding the issues raised by a question which has become moot, particularly if all these factors concur with sufficient weight.' "

*Matthews*, 368 Md. at 96–97, 792 A.2d at 303 (quoting *Lloyd*, 206 Md. at 43, 111 A.2d at 382). *See also G.E. Capital Mortg. Services, Inc. v. Edwards*, 144 Md.App. 449, 453–54, 798 A.2d 1187, 1189–90 (2002), where the intermediate appellate court stated that "we address a moot case if it 'presents "unresolved

issues in matters of important public concern that, if decided, will establish a rule for future conduct," [11] or the issue presented is *"capable of repetition, yet evading review."* ' *Stevenson v. Lanham,* 127 Md.App. 597, 612, 736 A.2d 363 (1999) (citations omitted)." (emphasis added). *See also* the Supreme Court cases of *Sosna v. Iowa,* 419 U.S. 393, 399–400, 95 S.Ct. 553, 557, 42 L.Ed.2d 532, 540–41 (1975) and *Roe v. Wade,* 410 U.S. 113, 125, 93 S.Ct. 705, 713, 35 L.Ed.2d 147, 161 (1973); and our case, *State v. Parker,* 334 Md. 576, 584, 640 A.2d 1104 (1994).

As we just emphasized, there is apparently no longer any existing controversy, because appellant has already testified before the Board in the separate administrative proceedings relating to his disability benefits and, subsequent to his testimony before the Board in that proceeding, was able to receive and has viewed the surveillance videotapes pertaining to the re-evaluation of his disability retirement status. In other words, that which he sought under the provisions of the MPIA, he has now received. Accordingly, we must next determine whether the issue presented is either an "unresolved issue of public concern" or an issue "capable of repetition yet evading review." We hold that it is both.

During the pendency of any given administrative proceeding there could be a separate MPIA request for the production of public records relating to those administrative proceedings, such as the request in the case *sub judice* involving videotapes, and that administrative hearing could continue and even be finally resolved while, as in the instant case, the parties have filed a statutory action under the MPIA seeking public records; but, meanwhile due to the appropriate administrative agency continuance of the hearing, the witness or person involved has already testified and the videotape, or other document requested in the MPIA action, has long since been viewed or disclosed. Additionally, and most important, this same situation could repeat itself where a surveillance video is

---

11. *See Coburn,* 342 Md. at 250, 674 A.2d at 954.

involved and the custodian of the record chooses to hold the surveillance video in spite of the MPIA request until the person making the request agreed to first be deposed in the independent administrative proceeding. Clearly, such a condition is a matter of public concern to those making valid MPIA requests.

## B. The Maryland discovery rules

■ There has been a great deal of discussion on the merits of this case devoted to the applicability of the Maryland Rules relating to discovery [12] and the holding in *Shenk* interpreting certain discovery rules. However, this case is a statutory action under the MPIA. *Shenk* did not involve the MPIA. It was a private personal injury civil action and did not involve statutorily guaranteed access to public records by a "party in interest." Therefore, Rule 2–402 as it pertains to pre-trial discovery and the Court of Special Appeals' decision interpreting that Rule in *Shenk* are not applicable to appellant, seeking as a "party in interest," public records relating to his activities that he alleges he has a statutory right to review under the MPIA.

---

**12.** It is argued that Title 2 of the Maryland Rules pertaining to civil procedures in the circuit courts is implicated in this case, specifically Chapter 400 of Title 2 pertaining to the scope of discovery. The Maryland Rule alleged to be applicable states:

"**Rule 2–402. Scope of discovery.**

Unless otherwise limited by order of the court in accordance with these rules, the scope of discovery is as follows.

. . .

(c) **Trial preparation—Materials.** Subject to the provisions of sections (d) and (e) of this Rule, a party may obtain discovery of documents or other tangible things prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative (including an attorney . . . or agent) only upon a showing that the materials are discoverable under section (a) of this Rule and that the party seeking discovery has substantial need for the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means. In ordering discovery of these materials when the required showing has been made, the court shall protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."

■  We hold that, absent a statute to the contrary, the rules of discovery applicable to circuit court proceedings are not, generally, applicable in respect to MPIA proceedings.

Moreover, the Board's rules of practice and procedure relevant to the independent administrative proceeding seeking a reevaluation of petitioner's disability benefits do not contain specific rules mandating discovery.  In fact, the rules of practice and procedure are silent regarding discovery except to the extent that Rule 4, regarding conduct of hearings, allows a deposition to occur in administrative proceedings if all the parties and counsel agree.  Any change to the Board's rules of practice and procedure, *i.e.*, the relevant agency regulations, should be done via the appropriate body acting legislatively and not by ad hoc determinations made by the county attorney in a separate MPIA action. We note that the Board's rules of procedure do contain specific rules pertaining to the admission of evidence.  Rule 7, of the Board's rules of procedure, provides that:

> "a.  Any evidence which would be admissible under the general rules of evidence applicable to judicial proceedings in the State of Maryland shall be admissible in hearings before the county board of appeals.  Proceedings before the board being administrative in nature, the board will not be bound by the technical rules of evidence but will apply such rules to the end that needful and proper evidence shall be most conveniently, inexpensively and speedily produced while preserving the substantial rights of the parties." [13]

■■  Therefore, rules relating to the admissibility of evidence are more relaxed in administrative proceedings generally, and in proceedings before this agency specifically, than in a court case.  In *Eger v. Stone,* 253 Md. 533, 543, 253 A.2d 372, 377 (1969), we stated:

---

**13.**  Depositions, if they exist, may well be admissible as evidence under Rule 7a.  It is not clear whether the provisions as to depositions upon agreement contained in Rule 4 apply for discovery purposes or are limited to evidentiary purposes.

"The lower court ... disregarded Mrs. Raker's testimony on the ground that it was 'hearsay'. We have recently decided, however, that not only is hearsay evidence admissible in administrative hearings in contested cases but that such evidence, if credible and of sufficient probative force, may indeed be the sole basis for the decision.... In our opinion the testimony of Mrs. Raker ... was of sufficient credibility and probative force...."

A party to an administrative proceeding, pursuant to a proper MPIA request, cannot first be required to submit to a deposition before receiving surveillance videotapes, to which he is statutorily entitled. The opposite might be true of a party to a civil action under *Shenk,* if *Shenk* correctly states the law. This is because, as we next discuss, the MPIA has a purpose different from that of the discovery rules applicable to circuit court proceedings (which we hold are, unless made specifically applicable, generally, inapplicable to administrative proceedings) and because the MPIA generally allows citizens broad access to public records.

## C. MPIA

The MPIA, codified in Section 10–611, *et seq.* of the State Government Article,[14] explains that "Except as otherwise pro-

___

14. The relevant provisions of the MPIA read:

"**§ 10–611. Definitions.**
(a) *In general.*—In this Part III of this subtitle the following words have the meanings indicated.
(b) *Applicant.*—'Applicant' means a person or governmental unit that asks to inspect a public record.
(c) *Custodian.*—'Custodian' means:
(1) the official custodian; or
(2) any other authorized individual who has physical custody and control of a public record.
. . .
(e) *Person in interest.*—'Person in interest' means:
(1) a person or governmental unit that is the subject of a public record or a designee of the person or governmental unit;....
. . .
"**§ 10–612. General right to information.**

(a) *General right to information.*—All persons are entitled to have access to information about the affairs of government and the official acts of public officials and employees.

(b) *General construction.*—To carry out the right set forth in subsection (a) of this section, unless an unwarranted invasion of the privacy of a person in interest would result, this Part III of this subtitle shall be construed in favor of permitting inspection of a public record, with the least cost and least delay to the person or governmental unit that requests the inspection.

. . .

## "§ 10-613. Inspection of public records.

(a) *In general.*—Except as otherwise provided by law, a custodian shall permit a person or governmental unit to inspect any public record at any reasonable time.

. . .

## "§ 10-615. Required denials—In general.

A custodian shall deny inspection of a public record or any part of a public record if:

(1) by law, the public record is privileged or confidential; or

(2) the inspection would be contrary to:

(i) a State statute;

(ii) a federal statute or a regulation that is issued under the statute and has the force of law;

(iii) the rules adopted by the Court of Appeals;

(iv) an order of a court of record.

## "§ 10-616. Same. Specific records. . . .

(a) *In general.*—Unless otherwise provided by law, a custodian shall deny inspection of a public record, as provided in this section.

. . .

(g) *Retirement records.*—(1) Subject to paragraphs (2) through (7) of this subsection, a custodian shall deny inspection of a retirement record for an individual.

(2) A custodian shall permit inspection:

(i) by the person in interest; . . . .

. . .

## "§ 10-618. Permissible denials.

(a) *In general.*—Unless otherwise provided by law, if a custodian believes that inspection of a part of a public record by the applicant would be contrary to the public interest, the custodian may deny inspection by the applicant of that part, as provided in this section.

. . .

(f) *Investigations.*—(1) Subject to paragraph (2) of this subsection, a custodian may deny inspection of:

(i) records of investigations conducted by the Attorney General, a State's Attorney, a city or county attorney, a police department, or a sheriff;

(ii) an investigatory file compiled for any other law enforcement, judicial, correctional, or prosecution purpose; . . . .

(2) A custodian may deny inspection by a person in interest only to the extent that the inspection would:

(i) interfere with a valid and proper law enforcement proceeding;

vided by law, a custodian shall permit a person ... to inspect any public record at any reasonable time." *See* Section 10–613. The Court has explained that "the provisions of the ... Act reflect the legislative intent that citizens of the State of Maryland be accorded *wide-ranging access* to public information concerning the operation of their government." *Kirwan v. The Diamondback*, 352 Md. 74, 81, 721 A.2d 196, 199 (1998) (internal citations omitted) (emphasis added). In order to carry out this right to access, the Act is to be construed in favor of disclosure. *See* Section 10–612(b).

We recognize that in court cases discovery rules are applicable and are designed to assure a balance, and thus the applicable discovery rules, might, under the circumstances of a particular case, be interpreted to prohibit a document or tape from being subject to discovery. At the administrative agency level, in the present case, however, there are no such discovery rules applicable and the absence of such rules cannot trump or thwart the very purpose of the MPIA, which, as we have previously stated, permits a person to gain broad access to a document/videotape. The MPIA contains its own exemptions.[15]

The affording of broad access to public records by citizens is the very purpose of the MPIA, which generally affirm citizens' rights to access government records especially when they involve the requesting citizen. Such situations are very different from civil actions between private parties. An MPIA

---

(ii) deprive another person of a right to a fair trial or an impartial adjudication;

(iii) constitute an unwarranted invasion of personal privacy;

(iv) disclose the identity of a confidential source;

(v) disclose an investigative technique or procedure;

(vi) prejudice an investigation; or

(vii) endanger the life or physical safety of an individual."

15. Section 10–615(2)(iii) refers to any rules this Court might formally adopt specifically addressing the MPIA. It does not mean that holdings of the Court of Special Appeals in civil tort cases between private parties where there is no MPIA issue, are somehow transformed into rules or holdings relating to the MPIA as the County has sought to do in the case at bar by its reliance on *Shenk*.

action is an attempt to gain statutorily guaranteed access to "public records," not private information. The MPIA permits an interested party to request and receive the surveillance videotapes from the governmental agency possessing them because he or she is a party in interest and has a right to the tapes from the custodian of record.

Thus, in this case, appellant's MPIA request to receive his surveillance videotapes should not have been denied by the Baltimore County Office of Law and the Circuit Court based upon the *Shenk* decision. The only way that appellant, or anyone in appellant's situation, would be unable to view the surveillance videotapes taken by a public entity and part of the public records would be if some provision in the MPIA prohibited the granting of the request and precluded the disclosure. As we have indicated, because this case is moot we shall not address the MPIA exemptions and whether appellees' and the Circuit Court's reliance on the MPIA exemptions was appropriate.

### Conclusion

The Maryland Rules pertaining to pre-trial discovery in circuit court cases do not, generally, apply to administrative proceedings. A party to an administrative proceeding might, pursuant to a proper MPIA request, be able to access information not normally available to that party under the prevailing administrative rules or if that party were a party to a court action and making such a request subject to the discovery rules. Likewise, the MPIA does not require appellant's submission to a deposition prior to receiving a copy of the surveillance videotapes. Finally, we note that there are no provisions in the Board's rules of practice and procedure requiring appellant to submit to a deposition prior to receiving a copy of the surveillance videotapes. Such a rule might well be in conflict with the MPIA.

Because this case is moot, we shall vacate the judgment below and direct the circuit court to dismiss the action. We shall, however, assess the costs against appellees.

JUDGMENT OF THE CIRCUIT COURT FOR BALTI-
MORE COUNTY VACATED. CASE REMANDED TO
THAT COURT WITH DIRECTIONS TO DISMISS THE
ACTION. COSTS TO BE PAID BY APPELLEES.

Concurring Opinion by WILNER, J.

WILNER, Judge, concurring.

I have joined Judge Cathell's Opinion for the Court because
I agree with its essential holdings (1) that the case is moot, (2)
that the issue should nevertheless be addressed because it is
likely to arise again, whether or not in the context of a
surveillance tape, (3) that, in the absence of a statute to the
contrary, neither the discovery rules in Title 2 of the Mary-
land rules nor *Shenk v. Berger* apply to proceedings before
administrative agencies, (4) that the Maryland Public Informa-
tion Act *is* applicable, even as to documents that may be
usable as evidence in administrative proceedings, and (5) there
appears to be no basis under MPIA for the county's refusal to
disclose, or its conditioning the disclosure of, the video tape in
this case.

I write separately only to suggest that the General Assem-
bly may wish to examine MPIA in this context. It may be
that no change is warranted—that the law already shields
those documents that should be shielded and that, as to all
others, citizens should have the right to inspect public records,
at least those pertaining to them, even if the records in
question are gathered for use as evidence in a contested
administrative proceeding and would not be discoverable in a
court proceeding. I am not aware, however, that, in enacting
and periodically amending MPIA, the Legislature gave much
thought to the use of public documents in contested adminis-
trative proceedings, and, given the wide variety of those kinds
of proceedings, at both the State and local level, it may be that
some further thought should be given to the matter. Some of
these documents may be created solely for use in an adminis-
trative proceeding and would not otherwise exist. The effect
of applying MPIA as we do is to inject a one-sided form of

discovery into those administrative proceedings in which a public agency is a true party in interest; the agency or, as in this case, the attorney representing a public agency, must disclose documents it has created or collected but the opposing party or attorney need not reciprocate. Maybe that is appropriate, but there may be situations in which it would not be.