919 A.2d 1217

DEPARTMENT OF HUMAN RESOURCES,
CHILD CARE ADMINISTRATION

v.

Andrea ROTH.

No. 22, Sept. Term, 2004.

Court of Appeals of Maryland.

March 22, 2007.

Cathy A. Dryden, Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on brief), for appellant.

No argument on behalf of the appellee.

Argued before BELL, C.J., RAKER, WILNER *, CATHELL, HARRELL, BATTAGLIA and GREENE, JJ.

---

* Wilner, J., now retired, participated in the hearing and conference of this case while an active member of this Court; after being recalled

BELL, C.J.

This case arises from the revocation of a family day care facility's registration. On November 9, 2000, the Department of Human Resources, Child Care Administration ("CCA" or "the agency"), the appellant, notified Andrea Roth, the appellee, the proprietor of a registered day care facility, of its intention, based on findings, following an investigation, that she had hit and inappropriately supervised children in her care, to revoke her family day care registration. Ms. Roth appealed the revocation to the Office of Administrative Hearings ("OAH"). An administrative law judge affirmed the revocation decision, after a hearing.

On May 11, 2001, Ms. Roth filed a petition for judicial review in the Circuit Court for Harford County. After a hearing, that court reversed the CCA's revocation of Ms. Roth's family day care registration, finding that "there were no regulations in effect in November 2000 that delegated the authority to revoke family day care licenses to CCA." The court reasoned that, although there were regulations delegating revocation authority, they delegated that authority to the Office of Child Care Licensing and Regulation ("OCCLR"), the CCA's predecessor, and those regulations had not been amended, when CCA revoked Ms. Roth's registration, to delegate the revocation authority the CCA.

The CCA timely noted an appeal to the Court of Special Appeals. This Court, on its own motion, and prior to proceedings in that court, issued a writ of certiorari to the intermediate appellate court, *Child Care Administration v. Roth*, 381 Md. 324, 849 A.2d 473 (20042), to address one question:

"Did CCA act within the scope of its properly delegated authority when it revoked Ms. Roth's family day care registration pursuant to a regulation first promulgated in 1991 under a Code of Maryland Regulations ('COMAR') [1]

pursuant to the Constitution, Article IV, Section 3A, he also participated in the decision and adoption of this opinion.

1. All references to COMAR refer to the pertinent regulations in effect at the relevant time periods as indicated.

subtitle designating the CCA as the agency charged with implementing the regulations, even though a portion of the regulation did not reflect the change in the name of the agency, from OCCLR to CCA?"

## I.

The CCA revoked Ms. Roth's registration after conducting an investigation into the operation of her family day care facility. It had received a complaint from a parent that Ms. Roth was smoking and drinking alcohol while children were in her care, and that she spanked a 16–month–old child and left him alone in the basement, letting him cry for hours without feeding him.

During the CCA's initial investigation visit, Ms. Roth was away on vacation and the children in the facility were in the care of an unlicensed and unapproved substitute. When the CCA returned to Ms. Roth's facility and interviewed her, she admitted to smoking during day care hours, allowing young children, ages 16 months to 5 years, to play in the basement and outside without her direct supervision, and disciplining the 16–month–old by hitting the child on his hand and on his diaper. These admissions were confirmed by other children in Ms. Roth's care and by Ms. Roth's substitutes. Additionally, the CCA found that Ms. Roth regularly spanked and slapped the hands of the 16–month–old, placed the child in "time-out" by grabbing one arm, jerking him up and throwing him onto the sofa, let him cry through nap time for up to three hours, and did not feed the child. Furthermore, the agency found that Ms. Roth regularly drank alcohol during afternoon day care hours. Based upon its investigation the CCA decided to revoke Ms. Roth's family day care registration. Notification of this decision was given to Ms. Roth by letter, which also advised her that the action was being taken pursuant to Maryland Code (1984, 1999 Repl.Vol.), §§ 5–502 and 5–554(a) of the Family Law Article and the Code of Maryland Regulations (COMAR) 07.04.01.01 and 07.04.01.47A.

Ms. Roth appealed to the OAH. She argued, as relevant to this appeal, that the CCA lacked the authority to revoke her

child care license because COMAR 07.04.01.47, the regulation governing revocation in effect at the time, empowered "the Office of Child Care Licensing and Regulation" to revoke child care licenses and did not refer at all to "the Child Care Administration." Acknowledging that the Office of Child Care Licensing and Regulation was the former name of CCA, the Administrative Law Judge (ALJ) rejected the appellee's argument that it made a difference. She reasoned that "the redesignation of the Office of Child Care Licensing and Regulation as the Child Care Administration during 1990 in no way affected the agency's authority to revoke licenses, such as [Ms. Roth's]."

Ms. Roth filed a petition for judicial review with the Circuit Court for Harford County. Pending decision, the Circuit Court stayed the ALJ's order and permitted M s. Roth to care for children provided that she give written notice of the proceedings and allegations pending before the Circuit Court to all parents of children in her care.

The trial court issued a memorandum opinion reversing the ALJ's decision. Relevant to this case, the trial court stated:

"The problem of authority arises because CCA, not OCCLR, attempted to revoke M[s]. Roth's registration. Appellee argues that the name of the agency was merely changed from the Office of Child Care Licensing and Regulation to the Child Care Administration and that the 'agency's name change does not eviscerate CCA's status as the Secretary's designee. . . .' However, at the time in question, there were other regulations that referred to CCA, namely COMAR 07.04.03 and 07.04.04. Therefore, this begs the question-why was COMAR 07.04.01 not changed at the time COMAR 07.04.03 and 07.04.04 were changed? Appellant alleges, and Appellee does not refute, that 'CCA has been aware of this apparent gap in the statutory and regulatory scheme since at least late 1994.' "

Furthermore, the trial court stated:

"In this case, the applicable regulations at the time of the purported revocation of Ms. Roth's license redelegated the

authority of the Secretary of the Department of Human Resources [ (DHR) ] to the Office of Child Care Licensing and Regulation in the Department of Human Resources (OCCLR). COMAR 07.04.01.47. The Office of Child Care Licensing and Regulation ceased to exist in December 1990. However, in November 2000, 10 years later, COMAR 07.04.01.47 still had not been amended to reflect the correct agency authorized to revoke registrations for family day care homes. It is apparently uncontroverted that CCA has been aware of this apparent gap in the statutory and regulatory scheme since at least late 1994.

"While the allegations against [Ms. Roth] are very serious, and this Court does not take them lightly, the fact remains that there were no regulations in effect in November 2000 that delegated the authority to revoke family dare care licenses to CCA. . . ."

In conclusion, the court stated:

"Possibly, DHR intentionally did not change COMAR 07.04.01.47, or it might have inadvertently missed COMAR 07.04.01.47 in the recodification of the regulations. Either way, DHR knew in 1994 that COMAR 07.04.01.47 had not been changed and remained unchanged in the year 2000. Regardless, in 2000 COMAR 07.04.01.47 was still not changed. In October 2001, COMAR 07.04.01.47 was finally amended. Therefore, it seems to this Court that DHR made a mistake and [Ms. Roth] in this case is in a position to reap the benefits of their inaction. For the reasons thus stated, the administrative decision will be reversed."

As noted above, the CCA timely appealed to the Court of Special Appeals and this Court granted certiorari before the intermediate appellate court could hear the case.

## II.

■ The case *sub judice* is moot. In October 2001, the relevant portions of COMAR 07.04.01.02 and 07.04.01.47 were amended.[2] When the "Child Care Administration" replaced

---

2. *See* 28 Md. Reg. 1490 (proposed); 28 Md. Reg. 1779 (final).

the "Office of Child Care Licensing and Regulation" as the agency with revocation authority, there was no longer any existing controversy between the parties. That was the case when the Circuit Court rendered its decision. Nor, in any case, can we fashion an effective remedy; the Secretary of the Department of Human Resources has resolved the issue by clarifying the regulations.[3] *In re Kaela C.,* 394 Md. 432, 452, 906 A.2d 915, 927 (2006) ("A case is moot when there is no longer any existing controversy between the parties at the time that the case is before the court, or when the court can no longer fashion an effective remedy."). *See, e.g. Hammen v. Baltimore County Police Dept.,* 373 Md. 440, 449, 818 A.2d 1125, 1132 (2003); *J.L. Matthews, Inc. v. Maryland–Nat'l Capital Park and Planning Comm'n,* 368 Md. 71, 96, 792 A.2d 288, 302 (2002); *In re Michael B.,* 345 Md. 232, 234, 691 A.2d 1309, 1310 (1997); *Coburn v. Coburn,* 342 Md. 244, 250, 674 A.2d 951, 954 (1996); *Robinson v. Lee,* 317 Md. 371, 375, 564 A.2d 395, 397 (1989); *Attorney General v. Anne Arundel County School Bus Contractors Ass'n, Inc.,* 286 Md. 324, 327, 407 A.2d 749, 752 (1979).

This Court does not give advisory opinions; thus, we generally dismiss moot actions without a decision on the merits. *In re Kaela C.,* 394 Md. at 452, 906 A.2d at 927. *See Hammen,* 373 Md. at 450, 818 A.2d at 1131; *J.L. Matthews, Inc.,* 368 Md. at 96, 792 A.2d at 302; *Coburn,* 342 Md. at 250, 674 A.2d at 954; *State v. Peterson,* 315 Md. 73, 82, 553 A.2d 672, 677 (1989); *In re Rosa A. Riddlemoser,* 317 Md. 496, 502, 506, 564 A.2d 812, 815 (1989). "Where there might be some effects from the trial court's decision in a moot case we vacate the judgments below and order that the trial court dismiss the action." *In re Kaela C.,* 394 Md. at 452, 906 A.2d at 927.

In rare instances, however, we "may address the merits of a moot case if we are convinced that the case presents unresolved issues in matters of important public

---

**3.** Furthermore, it is apparent from oral argument that Ms. Roth is no longer operating a family day care facility.

concern that, if decided, will establish a rule for future conduct." *Coburn,* 342 Md. at 250, 674 A.2d at 954; *see Peterson,* 315 Md. at 82–83, 553 A.2d at 677; *Lloyd v. Bd. of Supervisors of Elections,* 206 Md. 36, 43, 111 A.2d 379, 382 (1954) ("[I]f the public interest clearly will be hurt if the question is not immediately decided, if the matter involved is likely to recur frequently, and its recurrence will involve a relationship between government and its citizens, or a duty of government, and upon any recurrence, the same difficulty which prevented the appeal at hand from being heard in time is likely again to prevent a decision, then the Court may find justification for deciding the issues raised by a question which has become moot, particularly if all these factors concur with sufficient weight."). The case *sub judice,* however, does not present such a rare instance.

The relevant regulatory language of COMAR was amended to clearly reflect the delegation of authority to the CCA to revoke family day care licenses. Additionally, at oral argument, it was asserted that appellee was no longer operating a licensed day care facility. Thus, none of the considerations are present which would justify this Court's rendering a decision in this moot case. Pursuant to Maryland Rule 8–602(a)(10)[4], we dismiss this case as moot.

JUDGMENT OF THE CIRCUIT COURT FOR HARFORD COUNTY VACATED AND CASE REMANDED TO THAT COURT WITH INSTRUCTIONS TO AFFIRM THE DECISION OF THE DEPARTMENT OF HUMAN RESOURCES. COSTS TO BE PAID BY THE APPELLANT.

---

**4.** Maryland Rule 8–602(a)(10) provides, as relevant:
"RULE 8–602. DISMISSAL BY COURT
"(a) Grounds. On motion or on its own initiative, the Court may dismiss an appeal for any of the following reasons:
       *    *    *    *    *    *
"(10) the case has become moot."